## BLAZEO PEDRO v. THE STATE.

### No. 3055.   Decided June 14, 1905

**1.—Aggravated Assault—Charge of Court—Provoking Difficulty.**

Where in a prosecution for assault with intent to murder, the defendant was acting with P., and P. with intent to provoke a difficulty used language towards the injured party calculated to effect this object, then the defendant would be guilty of the intent actuating P. in-provoking the difficulty whatever that intent may be, and P. must have done some act at the time calculated to provoke the same, and defendant must have co-operated with P. in whatever intent P. had, and this question should have been properly submitted to the jury.

**2.—Same—Charge of Court—Declarations and Acts of Third Party.**

Where during the progress of a trial for assault to murder the evidence showed that one P. had a difficulty with one G., and certain acts and conversations leading up to said difficulty between them were introduced in evidence against the defendant, which acts and conversations were not in the presence of the defendant, the court should have charged the jury that if they believed the same, then the same were introduced for the purpose of illustrating the intent and purpose of said P., to throw light upon his animus and purpose, and that the jury should not regard said acts and conversations unless they were satisfied beyond a reasonable doubt that the defendant was actuated by the same purpose, and that he adopted said intent of P., and was co-operating with him in bringing on the difficulty.   See charge of court in opinion on this question held to be error.

**3.—Same—Sufficiency of Evidence.**

Where in a trial for assault to murder, the evidence shows that appellant was co-operating with one P., at the time of the difficulty in making an assault on one G., the evidence is sufficient to support a verdict for aggravated assault.

Appeal from the District Court of Taylor.   Tried below before Hon. J. H. Calhoun.

Appeal from a conviction of aggravated assault; penalty, a fine of $1,000 and two years confinement in the county jail.

For a statement of the facts in this case see Saturina Garza v. State, 48 Texas Crim. Rep.

*W. L. Grogan* and *B. A. Cox,* for appellant.—Welsh v. State, 3 Texas Crim. App., 413; Castro v. State, 40 S. W. Rep., 985; Winters v. State, id., 303; Price v. State, 10 Texas Ct. Rep., 28; Drake v. State, 80 S. W. Rep., 1005; Stacy v. State, 12 Texas Ct. Rep., 804.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at two years confinement in the county jail, and a fine of $1,000.   This is a companion case to that of Pedro Barstado v. State, and Saturina Garza.   The charge on provoking the difficulty contains the vice discussed in the cases cited, and as stated is erroneous.   In order to constitute one guilty of provoking a difficulty, he must do some act at the time calculated to provoke the same.   If

appellant was acting with Pedro, and Pedro, with intent to provoke a difficulty used language to Gallamore, the injured party, calculated to effect this object, then the defendant would be guilty of the intent actuating Pedro in provoking the difficulty, whatever that intent may be. If he provoked the difficulty with intent to kill, and a killing occurs it would be murder in the first or second degree. If he provoked the difficulty without such apparent intention, he would be guilty of manslaughter. This is a question that should have been properly submitted to the jury, stating in each instance, of course, that appellant must coöperate with Pedro in whatever intent Pedro had, and the jury must believe beyond a reasonable doubt that he did so join or coöperate.

During the progress of this trial the evidence showed that one Pedro had a difficulty with Tom Gallamore and certain acts and conversations leading up to said difficulty between Pedro and Gallamore were introduced in evidence against this defendant, which acts and conversations were not in the presence of the defendant. The learned trial court attempted to limit this testimony by the following charge to wit: "The court permitted some evidence to be introduced before you tending to show certain conversations between the said Tom Gallamore and one Pedro in a drug store and at other places before the time of the alleged assault, that were not in the presence of the defendant; some testimony was also introduced as to the action of one Mexican called "Bob" and as to transactions between said Bob and said Pedro, not in the presence of the defendant now on trial. Said evidence as to said acts and conversation was allowed to be introduced for the purpose only of better enabling you to understand (if it does) how the difficulty (if any) between said Tom Gallamore and said Pedro arose or came up, and to explain the actions of said Tom Gallamore, if it does, and the actions of said Pedro, if it does, and the same must not be considered by you for any other purpose. Said acts and declarations, if any, that were not shown to be within the knowledge of this defendant must not be considered as evidence against him on this trial, or as tending to establish his guilt, in any way. And no act or word of any person that the evidence fails to show you or to satisfy you was within the knowledge of the defendant should be considered by you as evidence tending to establish the defendant's guilt." This charge is erroneous. The court should have charged the jury, if they believed certain acts and conversations of third parties were introduced, then the same were introduced for the purpose of illustrating the intent and purpose of appellant's codefendant Pedro, and to throw light upon his animus and purpose, and the jury should not regard said acts and conversations at all in making up their verdict against defendant, unless they were satisfied beyond a reasonable doubt that the defendant was actuated and moved by the same purpose and intent of Pedro at the time the difficulty took place. In other words that the defendant is not bound by any intent of Pedro, unless the jury believe beyond a reasonable

doubt that the evidence shows he adopted said intent and was coöperating with him in bringing on the difficulty.

Appellant insists that the evidence is not sufficient to support the verdict of the jury. The record before us is replete with evidence that appellant was coöperating with Pedro at the time of the difficulty and was assisting in said difficulty.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*