### GEORGE SANDERS v. THE STATE.

#### No. 3652.   Decided November 21, 1906.

#### Assault to Murder—Charge of Court—Provoking Difficulty—Converse Proposition.

Upon trial for assault with intent to murder, a charge on provoking the difficulty which did not state that the language used or the act done must be reasonably calculated to bring on the difficulty; and which did not state the converse of the proposition stated to be necessary to provoke the difficulty was error.

Appeal from the District Court of Grayson.  Tried below before the Hon. B. L. Jones.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The testimony of the principal State's witness was that defendant came into his restaurant and asked for a chicken sandwich on credit, which prosecutor refused, whereupon defendant began to curse him; that thereupon prosecutor ordered defendant out of the house; that about an hour afterwards defendant returned to the restaurant and said he wanted chicken on a credit and prosecutor refused, opened the door and told defendant to get out; that when prosecutor was about to shut the door, defendant turned and stabbed him and said he would kill him. After stabbing prosecutor he ran away.

The defendant testified that he asked prosecutor for chicken but did not ask it on credit; that prosecutor refused, and as defendant was walking out, prosecutor rushed at him with his hands under his apron, and just as defendant got to the door prosecutor shoved him, kicked him and cursed him, and that the defendant turned around and cut him.

*W. J. Mathes, Freeman & Batsell*, for appellant.—McCandless v. State, 57 S. W. Rep., 672; Carter v. State, 30 Texas Crim. App., 551.

*J. E. Yantis*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment fixed at two years in the penitentiary.

Appellant complains of the following portion of the court's charge on provoking the difficulty: "If you believe that the defendant, committed the assault as a means of defense, believing at the time he did so (if he did so) that he was in danger of losing his life, or of serious bodily injury at the hands of said Joe Collona, then you will acquit the defendant, unless you further believe from the evidence beyond a reasonable doubt that the defendant sought to meet with the said Joe Collona for the purpose of provoking a difficulty with said Joe Collona, and that at the time he was doing some act in furtherance of such purpose, if any he had, with intent to take the life of said Joe Collona, or to do him such serious bodily injury as might probably end in the death of Joe Collona, and if you so believe from the evidence beyond a reasonable doubt, then you are instructed that if the defendant sought such meeting for the said purpose and with such intent, the defendant would not be permitted to justify on the ground of self-defense, even though he should thereafter have been compelled to act in his own self-defense; but if he had no such purpose and intention in seeking to meet the said Joe Collona, and did not act in furtherance of said purpose of provoking a difficulty then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or what reasonably appeared to him at the time to be danger." Appellant insists that the charge is erroneous, in that the same states that at the time he was doing some act in furtherance of such purpose and design, and does not go further and state that such language or act must be reasonably calculated to bring on a difficulty. This criticism is correct. The charge is erroneous in the particular pointed out.

Furthermore, appellant complains, that the court should have told the jury that if he provoked the difficulty with such apparent intention to kill, then he would not be guilty of any higher grade of offense if the assaulted party had died, than manslaughter. The converse of the first proposition as stated, should have been given. Airhart v. State, 51 S. W. Rep., 214; McCandless v. State, 57 S. W. Rep., 672; Shannon v. State, 35 Teas Crim. App., 2.

For the errors pointed out, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*