## THOMAS BERRY v. THE STATE.

### No. 4130.   Decided October 11, 1916.

**1.—Murder—Degrees of Murder—Charge of Court—Manslaughter.**

Where, upon trial of murder, under the old statutes, defendant was convicted of manslaughter, the court's charge upon either degree of murder need not be considered.

**2.—Same—Whole Charge Must Be Considered.**

It is elementary that the whole charge of the court must be considered in connection with the paragraph objected to, and that the State has the right, as well as the defendant, to have issues in its favor submitted properly to the jury.

**3.—Same — Self-defense — Charge of Court —Provoking Difficulty — Rule Stated—Intent to Kill.**

The rule is that if a person by words or acts, or both, provoke a contest with the apparent intention of killing or doing serious bodily injury to the deceased, the offense would not be manslaughter, but murder, even though the killing was done in self-defense, or in defense of another. Following Green v. State, 12 Texas Crim. App., 449, and other cases.

**4.—Same—Intent—Battery—Provoking Difficulty—Charge of Court—Rule Stated.**

The rule is that if the accused by words or acts, or both, provoke a difficulty or combat, or produce the occasion for deceased to attack him, for the purpose of thereby producing an opportunity of committing a battery upon him, or inflicting violence upon him other than to kill or to do him serious bodily injury and does so, then the accused would be guilty of manslaughter, even though it should then be necessary to kill the deceased in self-defense or defense of another. Following King v. State, 13 Texas Crim. App., 284, and other cases.

**5.—Same—Provoking Difficulty—Self-defense.**

The doctrine of provoking a difficulty is necessarily a limitation of self-fense or defense of another, and is so intended by the law.

**6.—Same—Provoking Difficulty—Trespass—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that the deceased had not given his consent for the defendant and his father to cut corn stalks on land which the deceased had rented from said father, and that defendant and his father, with intent to cut said stalks, without consent of the deceased and over his protest, attempted to do so, when the latter made a violent attack on defendant's father, whereupon defendant killed deceased, the court correctly, in his charge on provoking a difficulty, instructed the jury that if the killing took place under these facts and circumstances, the defendant would be guilty of manslaughter, and there was no reversible error.

**7.—Same—Requested Charges.**

Where, upon trial of murder and a conviction of manslaughter, the refused requested charges were either not applicable or on the weight of the evidence, or contained in the main charge, there was no reversible error.

**8.—Same—Evidence—Bill of Exceptions.**

Where appellant complained of the court's refusal to permit him to reproduce in evidence the testimony of a certain witness, but the bill of exceptions was defective, and besides, it was not shown that said witness was beyond the jurisdiction of the court, there was no reversible error.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Henderson. Tried below before the Hon. John S. Prince.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller, A. B. Watkins,* and *Faulk & Faulk,* for appellant.— On question of court's charge on manslaughter: Hills v. State, 166 S. W. Rep., 1154.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted and tried for murder. He was convicted of manslaughter, and the lowest punishment assessed.

This is a companion case to. that of Thomas Berry, Sr., v. State, 73 Texas Crim. Rep., 203. From the report of that case the circumstances of the killing can be understood sufficiently to make any preliminary statement in this unnecessary. This appellant was the person who actually killed the deceased, for which his father was convicted, as shown in said Thomas Berry, Sr., case.

The killing having occurred before our murder statute abolishing the degrees of murder, the court properly charged on murder, in both the first and second degrees; but, as he was convicted of manslaughter, no further mention of murder, or the degrees, is necessary.

Appellant's defense was that he killed the deceased in the defense of his father. The court in his charge on the definition of manslaughter gave the usual full and complete general definition thereof as is given on the subject.

It is elementary that in considering objections to any paragraph or portion of a charge, it is necessary to consider the whole of the charge in connection with the paragraph objected to. It is also elementary that the State has the right to have issues in its favor submitted properly, as much so as it is for the defendant to have the issues in his behalf so submitted.

On appellant's defense, the court charged the jury: "A reasonable apprehension of death or great bodily harm to oneself or to another will excuse a party in using all necessary force to protect his life or person or the life or persons of the party so attacked and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

"If from the evidence you believe the defendant killed the said John McGahan, but further believe that at the time of so doing the deceased had made an attack on his father, Tom Berry, which, from

the manner and character of it and the relative strength of the parties and defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury to his father, Tom Berry, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed at the time he was killed and was making such attack on defendant's father and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or to inflict serious bodily injury upon the defendant.

"Applying facts to the above, you are instructed that a party has the same right to act in the defense of another, when such other party is assaulted, as he would in defense of himself, and if you find from the evidence that an unlawful attack was being made by the deceased, John McGahan, upon Thomas Berry, Sr., then Thomas Berry, Jr., would have the same right to act in defense of his father, and to use the same force in repelling said attack as Thomas Berry, Sr., would have.

"If the defendant with his father, Thomas Berry, Sr., went to the stalk field, mentioned in the evidence, and their purpose in going there was to reason with deceased, and to settle in a reasonable manner any differences that may have existed between them as to their right to cut the corn stalks, and under such circumstances deceased made an attack upon Thomas Berry, Sr., striking him with a stick, then the defendant would have the right to use any means which seemed to him to be necessary to defend his father from said attack, and he would have the right to shoot and kill deceased, if it seemed to him to be necessary, viewed from his standpoint, and under such circumstances he would be guilty of no offense and if you so find you will acquit the defendant."

No complaint by appellant is made to this charge.

It is the law of this State by statute (art. 1138, P. C.) and the many decisions thereunder that if a person, by words or acts, or both, provoke a contest with the apparent intention of killing or doing serious bodily injury to the deceased, the offense would not be manslaughter but murder, even though the killing was done in either self-defense or in defense of another. Green v. State, 12 Texas Crim. App., 449; Cartwright v. State, 14 Texas Crim. App., 486; Cunningham v. State, 17 Texas Crim. App., 95; Arto v. State, 19 Texas Crim. App., 136; Thuston v. State, 21 Texas Crim. App., 248, 17 S. W. Rep., 474; Roach v. State, 21 Texas Crim. App., 254, 17 S. W. Rep., 464; Crist v. State, 21 Texas Crim. App., 367, 17 S. W. Rep., 260; Allen v. State, 24 Texas Crim. App., 224, 6 S. W. Rep., 187; Thumm v. State, 24 Texas Crim. App., 703, 7 S. W. Rep., 236; Johnson v. State, 26 Texas Crim. App., 631, 10 S. W. Rep., 235; Saens v. State, 20 S. W. Rep., 739; Warren v. State, 31 Texas Crim. Rep., 573, 21 S. W. Rep., 680; Puryear v. State, 56 Texas Crim. Rep., 238, 118 S. W. Rep., 1042;

Keeton v. State, 59 Texas Crim. Rep., 316, 128 S. W. Rep., 413, and other cases collated in 2 Branch's Ann. P. C., p. 1093.

It is also the settled law of this State that if an accused, by words or acts, or both, provoke a difficulty or combat or produce the occasion for deceased to attack him for the purpose of thereby producing an opportunity of committing a, battery upon him or inflicting violence upon him other than to kill or to do him serious bodily injury and does so, then the accused would be guilty of manslaughter, even though it should then be necessary to kill deceased in self-defense or defense of another. King v. State, 13 Texas Crim. App., 284; Cunningham v. State, 17 Texas Crim. App., 95; White v. State, 23 Texas Crim. App., 164, 3 S. W. Rep., 710; Arrelano v. State, 24 Texas Crim. App., 43, 5 S. W. Rep., 526; Varnell v. State, 26 Texas Crim. App., 67, 9 S. W. Rep., 65; Tollett v. State, 55 S. W. Rep., 575; Pedro v. State, 48 Texas Crim. Rep., 407, 88 S. W. Rep., 233; Brownlee v. State, 48 Texas Crim. Rep., 412, 87 S. W. Rep., 1153; Casey v. State, 50 Texas Crim. Rep., 392, 97 S. W. Rep., 496; Parnell v. State, 50 Texas Crim. Rep., 425, 98 S. W. Rep., 269; Sanders v. State, 50 Texas Crim. Rep., 430, 97 S. W. Rep., 1046, and other cases.

Of course, the doctrine of provoking the difficulty is necessarily a limitation of self-defense or defense of another, and clearly so intended by the law.

The court in this instance undertook to apply, and we think did apply, this doctrine of provoking the difficulty. In one paragraph on the subject, to which appellant objected, the court told the jury: "If you find that John McGahan was the tenant of the defendant's father and had planted some corn on the land rented from him for the year 1912, and that the defendant and his father desired to cut the stalks on the land so rented to deceased, John McGahan, and that deceased protested against their cutting the stalks, and that under such circumstances defendant and his father went to the field with no intention of slaying deceased, but for the purpose of cutting the corn stalks, knowing that deceased, John McGahan had not given his consent, and with the intent to cut such stalks without the consent and over the protest of said John McGahan, deceased, and that they did attempt to cut said stalks over the protest of the deceased and thereby caused the deceased to make a violent attack on defendant's father, and that defendant in defense of his father shot and killed deceased, such killing in defense of his father would be manslaughter only. And if you so find you will find defendant guilty of manslaughter." Under the circumstances and evidence in this case, we think the giving of this charge presents no reversible error.

The court did not err in refusing appellant's first special charge, because the testimony did not authorize it, and it did not state a correct legal proposition applicable to the testimony; and this also applies to appellant's third special charge.

Neither did the court err in refusing his second special charge, be-

cause it is clearly upon the weight of the evidence, stating the testimony of one of appellant's witnesses; and, further, so far as any legal proposition therein is stated, it was covered by the court's main charge. And this applies also to his fourth special charge.

Nor did the court err in refusing his fifth and sixth special charges, because neither is the law applicable to this case. And this applies also to his seventh special charge.

His eighth special charge is clearly upon the weight of the testimony, and the court did not err in refusing to give it.

Appellant has another bill to the court's refusing to permit him to introduce and read to the jury the testimony of W. J. Bass, taken upon a former trial of this cause. His bill does not give the testimony of this witness. It states conclusions therefrom. The court, in allowing the bill, qualified it by stating that the evidence did not show that said witness was out of the jurisdiction of the court. For both these reasons, the court committed no error.

The evidence was clearly sufficient to sustain the conviction—in fact, would have authorized a conviction for a higher offense and a greater punishment.

The judgment is affirmed.

*Affirmed.*