## TOM DARNABY v. THE STATE.

### No. 8593. Delivered May 13, 1925.

**Manufacturing Intoxicating Liquor—Evidence—Secondary Not Admissible.**

Where appellant on the trial offered two witnesses in his behalf, it was error to permit the special prosecutor in the case to take the stand and testify that he was present in the grand jury, and saw the foreman sign indictments against the two said witnesses charging them with the same offense that

appellant was being tried for, and on this testimony, the court erroneously *held* said witnesses to be disqualified. Indictments are the best evidence of their contents. Following Graybill v. State, 97 S. W. 1046.

Appeal from the District Court of Johnson County, on a change of venue from Somervell County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, three years in the penitentiary.

*Simpson, Moore, Parker & Rawlins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the district court of Johnson County on change of venue for manufacturing intoxicating liquor in Somervell County, about the 24th day of December, 1922, and his punishment assessed at three years confinement in the penitentiary.

There are many questions raised by the appellant alleging error committed by the trial court, all of which we take it are unnecessary to consider, save and except the errors raised in bill of exceptions Nos. Nine and Ten, to the action of the trial court in refusing to permit the witnesses Roark and Man Lowe to testify in behalf of the defendant and to contradict the State's witness Watson. Said bills of exception show that the State introduced said witness Watson who testified to having assisted in making the whiskey in question and also testified that the defendant was present and assisted in the making of the whiskey, and at said time said witnesses Roark and Lowe were also present. In contradiction of the testimony of said Watson, the defendant tendered said witnesses for the purpose of proving that the statements and testimony of the witness Watson were untrue and they were not at the time and place where Watson had testified they were, and that they never saw defendant present there making whiskey on said occasion. When said testimony was offered, Hon. Frank Tirey, Special Prosecuting Attoney for the State, objected and took the stand and testified over the objection of appellant that he was employed by the Governor, and was within the grand jury room and saw the foreman of the grand jury sign indictments against said witnesses Roark and Lowe, growing out of the same transaction. Thereupon the court held that said witnesses were incompetent to testify and refused to permit them to testify in behalf of the defendant. The defendant's counsel objected to the testimony of said witness Tirey, and to the ruling of the court thereon, because the indictments were

the best evidence of their contents. We are of the opinion that the objection to this testimony should have been sustained. Graybill v. State, 97 S. W. 1046.

We think that the Graybill case is authority for saying that the State upon the objection of the defendant in the instant case should have been compelled to produce the original indictments or certified copies for the purpose of showing the incompetency of the witnesses mentioned, and not have been permitted to testify to that matter orally.

For the reasons above mentioned, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and the same is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.