STATE, RESPONDENT, *v.* QUINLAN, APPELLANT.

(No. 6,429.)

(Submitted February 13, 1929. Decided March 18, 1929.)

[275 Pac. 750.]

*Margaret Young,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot,* Assistant Attorney General, *Mr. F. F. Haynes,* County Attorney, and

*Messrs. Gunn, Rasch, Hall & Gunn,* for the State, submitted a brief; *Mr. Milton C. Gunn* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

Defendant, with Ben Arnold and Andy Smart, was charged by information with stealing thirty head of cattle, the property of Mary Johnson. He was granted a separate trial. Judgment was entered on a verdict finding him guilty as charged; motion for a new trial was denied. He appeals from the judgment and the order denying a new trial.

When the case was called for trial, and before a jury was impaneled, defendant objected to the case being tried, and assigned as reasons therefor that the case of *State* v. *Griffin,* wherein Griffin was charged with attempting to bribe a juror in the first trial of the case of *State* v. *Ben Arnold,* had been tried prior to this case; that the information in the *Griffin Case* was filed subsequent to the information herein, and to require defendant to select a jury from the same panel would be prejudicial and would deny him the constitutional right to a speedy trial by an impartial jury.

Section 11933, Revised Codes of 1921, requires the clerk of the district court to keep a calendar of all criminal actions, enumerated according to the date of the filing of the information. Section 11934 provides that the calendar must be disposed of in the order therein named, "unless for good cause the court shall direct an action to be tried out of its order." Section 11940 provides: "If the case is not postponed, it must be set down for trial on some certain day, in the order in which it appears on the calendar, unless by consent it is set down for trial out of its order." Counsel contends that this case appeared on the calendar before the *Griffin Case;* that it was not postponed, nor was there any good cause shown why it should be set out of order.

Clearly, the sections above referred to are directory only, and do not prescribe a hard-and-fast rule which the court must follow in the disposal of the cases on the trial calendar. In the orderly transaction of its business, the court has authority

and power to control its own docket and the order in which it may try cases. (*Merchants' National Bank* v. *Greenhood,* 16 Mont. 395, 41 Pac. 250.) A different rule would result in confusion, delay, and a condition of chaos rendering the speedy and orderly administration of justice impossible.

No showing was made by defendant in support of the objection that he would be prejudiced or that a fair and impartial jury could not be obtained, and we cannot say, as a matter of law, that the court erred in its ruling. In passing upon the question the court was called upon to exercise a sound legal discretion, and, in the absence of a clear showing of abuse thereof, this court will not interfere. Error will not be presumed. (*State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *Swain* v. *McMillan,* 30 Mont. 433, 76 Pac. 943.) There is not anything in the record to indicate that defendant was prejudiced by the court's ruling, and a careful review of the evidence convinces us that no fair and impartial jury could have reached a conclusion different from the one reached by the jury which tried the case.

Error is predicated upon the denial of defendant's motion to withdraw from the consideration of the jury the testimony of the witness Charles Rogers. The witness testified to a conversation had with the defendant on or about the 15th of November, 1927, in which defendant said if he met Tom Gabel that he (defendant) would kill him. Considered in connection with other testimony in the case, and the fact that Gabel had made a statement to the county attorney on November 9 implicating defendant, that defendant had been arrested on the charge of larceny of the Johnson cattle, that Gabel was the principal witness for the state, and that defendant knew Gabel was in possession of facts which would establish defendant's guilt, we think the testimony was competent; the weight to be given it, under the circumstances, was for the jury to determine.

Complaint is made that the court erred in refusing to have a portion of the record read at the request of counsel. The contention is without merit. The request related to a

matter of little importance, and was an appeal to the discretion of the court.

Defendant next contends that the court erred in permitting the witness Thompson to testify in rebuttal to a conversation had with defendant's witness Smart, and insists that it was an attempt to impeach the witness without having first laid a proper foundation therefor. Smart had testified on behalf of defendant that about July 18, 19, or 20 he had made a trip to the Clarence Robinson ranch to get five head of cattle belonging to Ben Arnold, which he referred to as "the War Finance cattle." The purpose of this testimony is immaterial here; suffice it to say that defendant considered it material to his defense. The witness Thompson testified that on July 7, 1927, she met Smart driving a small bunch of cattle in the vicinity of the place testified to by him; there was no objection to this testimony. The state then, apparently for the purpose of showing that these were the same cattle concerning which Smart had testified, asked the witness to relate the conversation had. An objection to the question was overruled, and we think properly. This was not an attempt to impeach the witness, he having testified that the cattle he was driving were "War Finance cattle," but it did contradict his testimony on a material issue—the date when the cattle in question were moved—and was proper rebuttal testimony.

Defendant urges that the court erred in giving its instructions 13 and 23. Instruction 13, in substance, advises the jury that all persons concerned in the commission of a felony are principals, whether they directly commit the act or aid and abet in its commission, and, though not present, may be prosecuted and punished as principals. (Sec. 10732, Rev. Codes 1921.) By instruction 23, the jury was told that, if they found beyond a reasonable doubt, that the offense charged was committed by defendant and others pursuant to a plan, scheme, or conspiracy, or that he advised or encouraged the offense, then the fact that he was not personally present when the cattle were taken would not avail him as a defense. The correctness of the instructions is not questioned;

but it is insisted that they are not applicable to the facts disclosed by the evidence.

There is no evidence showing that defendant was personally present when the cattle were actually taken. There is testimony that defendant, in company with his co-defendants, left the ranch of Arnold together and went north across the Yellowstone River in the direction of the Johnson ranch, and that late at night of the same day he was seen driving the cattle in the lane leading to Arnold's ranch and corrals. In the state of the record we think the court was justified in giving instruction 13. The testimony offered by the state tended to prove a conspiracy between defendant and his co-defendants to carry on the larceny of cattle and horses; it was therefore proper for the court to instruct the jury that, if they believed beyond a reasonable doubt, that a conspiracy existed, the fact that defendant was not present personally when the cattle were stolen would not relieve him from criminal responsibility. The instructions correctly state the law, and are applicable to the facts disclosed by the evidence.

The argument of counsel that instruction 23 conflicts with instruction 22 is not tenable. This instruction relates to the defense of an alibi, and the two instructions in no way conflict. ▇ It was the duty of the court to instruct the jury on every essential question presented by the evidence so as properly to advise the jury of the issues (*Hipes* v. *State,* 73 Ind. 39; *Berry* v. *State,* 80 Tex. Cr. 87, 188 S. W. 997; *State* v. *Robichaux,* 165 La. 497, 115 South. 729) and to give the law applicable to all theories presented by the evidence whether offered by the state or by defendant (16 C. J. 963; *Glover* v. *State,* 21 Ala. App. 423, 109 South. 125; *State* v. *Cody,* 116 Or. 509, 241 Pac. 983).

We have examined other instructions to which defendant objects, and those offered by him and refused by the court, and find no error in the court's rulings thereon.

Other questions presented by defendant were before this court in the companion case of *State* v. *Arnold,* this day de-

cided adversely to defendant, and a further consideration thereof is unnecessary.

Finding no prejudicial error in the record, the judgment and order are affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES MATTHEWS and GALEN, and HONORABLE WILLIAM L. FORD, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, disqualified, concur.

Rehearing denied April 4, 1929.