GERARDO RAMIREZ CANTU v. STATE

No. 32,613. December 27, 1960

*Robert C. Benavides,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *Thomas B. Thorpe, Frank Watts, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is statutory rape; the punishment, 12 years.

The prosecutrix, 12 years of age on the date of the alleged offense, testified that on the night in question the appellant and his four companions, Frank Perez, Daniel Rameriz, Florencio Garcia, and Johnny Hernandez, came to her home in the appellant's automobile; that Perez came to the door and after engaging her in a conversation she went out to the automobile and got in upon her belief that they were going to an apartment where her boy friend was represented to be; that they then drove to a vacant apartment, and after going upstairs she discovered that her boy friend was not there; that she then tried to get away and two of the boys grabbed her and pushed her into a room; that Rameriz then pushed her down, pulled off her slacks and panties while three of the boys held her; and that all of them cursed her. The prosecutrix testified that Perez, the appellant, Florencio, and Rameriz then proceeded, in the order named, to get on top of her and have sexual intercourse with her without her consent. She testified that while Perez was having intercourse with her the others present were telling him "to hurry up." She stated that after the last act of intercourse the appellant and his companions took her to her home, threatened to kill her if she told what happened, and that two days later she did tell her girl friend and then reported the occurrence to the police.

Dr. Turner Wharton, who examined the prosecutrix some two days after the date of the alleged offense, testified that his examination revealed irritation of the outer parts of her sexual parts and recent tears of the hymen. The doctor expressed his opinion that the prosecutrix had had recent intercourse with a male person.

Appellant's written confession made to an officer following his arrest was introduced in evidence in which he admitted that

on the night in question he and his companions took the prosecutrix to the vacant apartment where he and his companions got on top of her and that "when we were all through," he took her home.

Testifying in his own behalf, appellant admitted that he and his companions took the prosecutrix to the vacant apartment on the night in question and that some of his companions had intercourse with her but denied that he had an act of intercourse with her.

Appellant also testified in support of his application for a suspended sentence that he had never been convicted of a felony and called witnesses who testified as to his good reputation for truthfulness.

The court submitted the issue of appellant's guilt to the jury upon two separate theories.

Under the court's instructions, the jury was authorized to convict the appellant upon its finding from the evidence beyond a reasonable doubt that (1) appellant did unlawfully have carnal knowledge of the prosecutrix as charged in the indictment, or (2) upon its finding that Daniel Rameriz, Frank Perez, and Florencio Garcia, or any one of them, had carnal knowledge of the prosecutrix and that the appellant was present and knowing their unlawful intent did aid them in such act.

The jury returned a general verdict in the case finding appellant guilty of rape as charged in the indictment.

Appellant's sole contention on appeal is that the court erred in submitting the issue of his guilt to the jury upon the two separate theories because the evidence was direct and positive that he raped the prosecutrix. Appellant insists that for such reason the submission of the issue of his guilt to the jury upon the theory of principals was error.

With such contention we do not agree.

Appellant overlooks the fact that while testifying in his own behalf he repeatedly denied having sexual intercourse with the prosecutrix.

Under the evidence, it was the state's theory that appellant committed the offense by unlawfully ravishing the prosecutrix

and by acting as a principal in aiding his companions in ravishing her. The issue of his participating as a principal was clearly raised by the evidence.

It was incumbent upon the court to submit in his charge to the jury the state's theories arising from the evidence as well as that of the appellant. Berry v. State, 80 Tex. Cr. R. 87, 188 S.W. 997; Flewellen v. State, 83 Tex. Cr. R. 568, 204 S.W. 657; and Jaggers v. State, 104 Tex. Cr. R. 174, 283 S. W. 527.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.