No. 12459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WENDELEN P. BLACK,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

John C. Hall argued, Great Falls, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner, Assistant Attorney General, argued,
Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Thomas H. Clary, Deputy County Attorney, argued,
Great Falls, Montana

---

Submitted:  September 10, 1973

Decided: DEC 13 1973

Filed: DEC 13 1973

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a conviction of the crime of burglary entered in the district court of Cascade County. Defendant Wendelen P. Black was sentenced to twenty years imprisonment, with the last five years suspended. The state sought increased punishment due to previous convictions.

On the evening of August 5, 1972, D.J.'s Mazda, an automobile dealership in Great Falls, Montana, was burglarized. At about 10:00 p.m. that evening persons in a residence behind the automobile agency building observed suspicious activity, apparently while the burglary was in progress. The police were notified and a description of a car involved was given them.

Within an hour the car was located and the three occupants arrested. One was defendant Black who had a fresh cut on his arm. Glass fragments found in his shoes matched the broken glass at the rear entrance of D.J.'s Mazda, through which entrance had been gained. A footprint found inside D.J.'s Mazda matched Black's shoe. The heel of a shoe found outside the Mazda building came from a shoe worn by another man arrested with Black in the car.

The articles taken in the burglary, along with articles belonging to the owner of the car, were later found on Riverfront road near the city.

On appeal defendant presents four issues:

(1) Whether the prosecutor committed reversible error in certain remarks made during the course of his closing argument?

(2) Whether a certain large tool box, Exhibit #11, was erroneously admitted into evidence?

(3) Whether the trial court erred in giving instructions numbered 17, 35 and 36 and in refusing to give defendant's offered instruction number 7?

(4) Whether the evidence against defendant was sufficient to support the verdict of guilty?

Issue (1), concerning the prosecutor's remarks during closing argument is not properly before this Court. Although it appears from the record that some personal opinion comment was made, and defense counsel did object at the time, no complete record was perfected that would indicate to this Court what was actually said so that the effect, if any, on the substantial rights of defendant could be determined. State v. Watkins, 156 Mont. 456, 481 P.2d 689.

Issue (2) concerns the lack of foundation for admitting into evidence a large tool box, Exhibit #11, over objection. It appears from the record that Exhibit #11 was the base part of a smaller tool box introduced earlier in the trial as Exhibit #3. Patrolman Dan Loomis testified about both tool boxes and their relation one to the other. He explained the larger box, Exhibit #11, was not produced by him because it was too heavy to carry. Charles James, a mechanic for D.J.'s Mazda, also testified concerning both tool boxes; that they were stolen from D.J.'s Mazda and he had identified them at the police station. Later in the trial Detective Macek produced the larger and heavier tool box and testified as to it. Considering all the trial testimony, both the large and small tool boxes were sufficiently identified and connected with the crime charged.

Issue (3) concerns instructions given and refused. Instruction number 35, given by the court reads:

> "Duly qualified experts may give their opinions
> on questions in controversy at this trial. To
> assist you in deciding such questions, you may
> consider the opinion with the reasons stated there-
> for, if any, by the expert who gives the opinion.
> You are not bound to accept the opinion of an expert
> as conclusive, but you should give to it the weight
> to which you shall find it to be entitled. You may
> disregard any such opinion, if you find it to be un-
> reasonable." (Emphasis supplied).

Instruction number 35 is a proper instruction on expert testimony, as the defense admits, and we are not inclined to consider the court's failure to give defendant's proposed instruction number 14 as error. It may be that defendant's proposed number

14 states the rule in language that applies to his fact situation more directly but this could be true with any of the instructions.

Court's given instruction number 17 explained criminal guilt derived from aiding and abetting commission of a crime. Court's given instruction number 36 explained the requisites of alibi as a complete defense. Defendant contends that these instructions were inconsistent and conflicting as to whether defendant's physical presence was required at the scene of the crime for conviction. We find no inconsistency because the instructions related to separate issues before the jury. One was given on the state's theory of the case and the other to accomodate the defendant's defense of alibi. State v. Quinlan, 84 Mont. 364, 275 P. 750; State v. Donges, 126 Mont. 341, 251 P.2d 254. In any case, it appears that both instructions were framed so as to be favorable to defendant.

Defendant's offered instruction number 7 related to presumption of innocence. The jury was amply instructed concerning presumption of innocence in four other instructions given by the court and refusal of offered instruction number 7 was not error. State v. Logan, 156 Mont. 48, 473 P.2d 833; State v. Meidinger, ____Mont.____, 502 P.2d 58, 29 St.Rep. 861.

Finally, concerning issue (4)---sufficiency of the evidence---we find there was ample substantial and credible evidence before the jury upon which it could find defendant guilty beyond a reasonable doubt. Viewing this evidence, as we must, in a light most favorable to the jury's verdict, we find no reason to disturb the verdict and judgment of conviction. State v. Peschon, 131 Mont. 330, 310 P.2d 591.

The judgment of conviction is affirmed.

_____
                Justice

- 4 -

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Wesley Castles_

Justices.