No. 80-371

IN THE SURPEME COURT OF THE STATE OF MONTANA

1980

---

STATE OF MONTANA,

                Plaintiff and Respondent,

    -vs-

JACK G. STANDLEY,

                Defendant and Appellant.

---

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow,
              The Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph C. Engel, III, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John G. Winston, County Attorney, Butte, Montana

---

Submitted on Briefs:  October 23, 1980

Decided:  April 1, 1981

Filed:  **APR 1 1981**

Thomas J. Kearney
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Jack G. Standley appeals from a decision of the District Court, Second Judicial District, Silver Bow County, dismissing his petition for post-conviction relief.

Standley filed his petition for post-conviction relief in the Silver Bow District Court on January 4, 1980, relating to his 1956 rape conviction. At the time, he was and still is, an inmate at the Montana State Prison, serving a sentence imposed on him for felony theft on December 2, 1978, in the Thirteenth Judicial District Court, Yellowstone County. The sentence imposed was the maximum permissible sentence. Standley appealed that conviction to this Court. We affirmed his conviction, State v. Standley (1978), ___ Mont. ___, 586 P.2d 1075, 35 St.Rep. 1361.

In his petition for post-conviction relief, Standley requested the Second Judicial District Court, Silver Bow County, to review its 1956 judgment of conviction against him for rape. Standley contends that his plea of guilty to the 1956 rape charge was made without the effective assistance of counsel. Upon his plea of guilty to the rape charge, he was sentenced to ten years in the Montana State Prison. He fully served his sentence for that crime and was released.

The rape conviction was considered by the Thirteenth Judicial District Court, Yellowstone County, when that court sentenced the defendant to the maximum sentence for felony theft in 1978.

The District Court, Silver Bow County, dismissed Standley's petition for post-conviction relief, concluding that the issue is moot and that proper venue for the petition should have been the Thirteenth Judicial District Court.

-2-

On those two grounds, the District Court was in error. Section 46-21-101, MCA, expressly allows the petition for post-conviction relief to be presented to ". . . the court which imposed the sentence . . ." Therefore, venue of the petition for post-conviction relief was proper in the Silver Bow County District Court.

The Silver Bow County District Court found that the petition for post-conviction relief was moot because the ten-year sentence had been served. The United States Supreme Court has held that a criminal case is not moot if there is a possibility that any collateral legal consequence will be imposed on the basis of the challenged conviction. Pollard v. United States (1957), 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393; St. Pierre v. United States (1943), 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199. We held to the same effect in Town of White Sulphur Springs v. Voise (1959), 136 Mont. 1, 343 P.2d 855. Here, the petition for post-conviction relief is not moot simply because the sentence has been served.

Section 46-21-102, MCA, provides that a petition for post-conviction relief may be filed at any time after conviction. We held in In Re McNair (1980), ___ Mont. ___, 615 P.2d 916, 37 St.Rep. 1487, that section 46-21-102, meant that no statute of limitations, no res judicata, and no doctrine of laches is applicable. (615 P.2d at 917.) Yet we are faced with much the same situation that this Court faced McNair, in that there has been a long delay before the petition for post-conviction relief has been filed. In the McNair case, it was 8 1/2 years; in this case, 25 years have elapsed since the conviction on the rape charge.

In McNair, we held that despite the inapplicability of res judicata, laches, and any statute of limitations, the long delay in filing the petition for post-conviction relief raised the question of the good faith and credibility of the applicant. We find that the same situation exists here. In effect, the petition for post-conviction relief, if granted, would require that defendant's plea of guilty entered to the rape charge in 1956 be allowed to be withdrawn and the rape charge tried on the merits, presuming a plea of not guilty from the petitioner. The impracticality of such a possibility is manifest. We repeat the quotation from United States v. Bostic (D.D.C. 1962), 206 F.Supp. 855, 856-57, found in our McNair case:

> "Obviously, the burden of proof on a motion
> to vacate a sentence under 28 U.S.C. § 2255
> is on the moving party, because there is
> a presumption of regularity of the conviction.
> The burden is particularly heavy if the issue
> is one of fact and a long time has elapsed since
> the trial of the case. While neither the statute
> of limitations nor laches can bar the assertion
> of a constitutional right, nevertheless, the
> passage of time may make it impracticable to retry
> a case if the motion is granted and a new trial
> is ordered. No doubt, at times such a motion
> is a product of an afterthought. Long delay
> may raise a question of good faith."

The petitioner's record while serving his sentence for rape speaks against his present contention about counsel. After serving three years on the rape charge, he was paroled. While on parole, he had a party at which five girls under the age of 18 were in attendance. During the party, it was charged that he sexually assaulted one of the juvenile girls. Shortly after the incident, he left the State of Montana and a warrant was issued for his arrest. He was arrested in the State of Washington, and returned to Montana as a parole violator, where he finished out his sentence. He was released in 1968.

-4-

It might be considered unfair that the District Court in Yellowstone County, in assessing the maximum penalty for the felony theft charge, could consider the past record of the petitioner, including his conviction for the rape charge which he now attacks when the way is not open for defendant to secure post-conviction relief. The unfairness, if it exists, is not of the State's making. The long delay in petitioning for post-conviction relief over a 25-year period can be attributed only to the petitioner. He must bear the consequences.

The appeal is dismissed.

_____
John C. Sheehy
Justice

We Concur:

_____
Frank I. Haswell
Chief Justice

_____
John Conway Harrison
Justice

This cause was submitted prior to January 5, 1981.

Mr. Justice Daniel J. Shea dissenting:

The result of the majority opinion is clear: petitioner is thrown out of court without a hearing on the merits. I fail, however, to make any sense of the opinion; it is illogical and unfair.

The essence of the majority position is that a trial court may sentence a man to a longer prison sentence because of a conviction that occurred 22 years before the second sentence, but that the defendant cannot challenge the legality of the first conviction which has resulted in a longer prison sentence after a second conviction 22 years later. If the State can use a record 22 years ago to increase a prison sentence, fundamental fairness requires that a defendant should also be able to challenge the legality of that first conviction. But the majority holds in effect that laches is a one-way street: it operates against the defendant but does not operate against the State.

It is, furthermore, bad law to rule, without an evidentiary record before this Court, that petitioner is guilty of bad faith in waiting so long to file his petition for post-conviction relief. Only after an evidentiary hearing and a ruling by the trial court, should we as an appellate court be in a position to review the evidence and ruling of the trial court on the question of good versus bad faith. This decision again demonstrates that this Court is abandoning its rule as an appellate court and assuming the role of a trial court and appellate court rolled into one.

The bad faith ruling of the majority, on closer analysis, seems to be grounded on a belief that petitioner is guilty of laches--a ground expressly acknowledged by the majority as not being able to defeat a petition for post-conviction relief. At one point, the opinion states: "In the McNair case, it was 8 1/2

years; in this case, 25 years have elapsed since the conviction on the rape charge." At another point, the majority continues: "The long delay in petitioning for post-conviction relief over a 25-year period can be attributed only to the petitioner. He must bear the consequences." This language is the language of laches. I fail to see how the lapse of years by itself establishes bad faith in filing a petition for post-conviction relief. But that is the essence of the majority opinion.

Although the majority claims to follow In Re McNair (1980), ____ Mont. ____, 615 P.2d 916, 37 St.Rep. 1487, the opposite is true--McNair is misread and misapplied. McNair holds in part, that a petition for post-conviction relief cannot be defeated by a claim of statute of limitations, res judicata, or laches. (McNair, 615 P.2d at 917.) Because the majority acknowledges this to be the law, I fail to see how petitioner can be thrown out of court without a hearing on the merits. McNair, applied here, means that petitioner cannot be thrown out of court as a matter of law on grounds of a statute of limitations, of res judicata, or of laches. Rather, he is entitled to a hearing on the merits. Good faith or bad faith in filing the petition is merely a factor to consider along with all the other factors in determining whether a petitioner is entitled to relief. But here the majority, without an evidentiary record, declares that petitioner is guilty of bad faith, and throws him out of court without a hearing. The majority ignores the fact that in McNair, we ruled on the merits of petitioner's claim for post-conviction relief.

If McNair is to be followed, it cannot be used as authority to throw petitioner out of court without a hearing. Procedurally, the situation in McNair at the time of our ruling on the merits, is wholly unlike this case.

In McNair, the petitioner filed an original petition for post-conviction relief before this Court rather than before the District Court. Contrary to the implications of the majority opinion here, we did not dismiss the McNair petition because petitioner was guilty of bad faith. Rather, based on the full record that was before us, we ruled on the merits of his claim. We ruled that he was competent to enter a voluntary and intelligent guilty plea, and we ruled that he had effective assistance of counsel. (615 P.2d 919-920.)

In declining to remand the case to District Court for an evidentiary hearing, we concluded that the record before us was as complete as it could be, and therefore that it would be a useless act to require an evidentiary hearing. (615 P.2d 919-920.) McNair, therefore, was a decision on the merits of the petition. In contrast, petitioner here is denied a hearing and ruling on the merits.

Petitioner's case did not come to this Court with a full evidentiary development of his claimed constitutional violation. In contrast to McNair, petitioner filed his petition in District Court rather than before this Court, but he was thrown out on the grounds of mootness and improper venue before there was ever a hearing on the merits. The question before this Court is simply whether he was properly thrown out of court on either the mootness ground (which would preclude a further petition) or on the venue ground (which would not preclude another petition in the proper court). In response, this Court enters a strange ruling: we rule that the District Court was wrong on both rulings, but nonetheless, we decide, without a record, that petitioner is guilty of bad faith and therefore throw him out of court. This decision ignores the proper role of an appellate court.

Nor does the majority accurately assess the legal situation in concluding that the 25-year delay in filing the petition "can be attributed only to the petitioner." The majority ignores the fact that for at least 13 of those years, petitioner had no legal standing to challenge the 1956 conviction, and that he acquired this standing only when the Yellowstone County District Court used the 1956 conviction as one of the reasons to impose the maximum sentence for the 1978 theft conviction. Proper application of the holding in Town of White Sulphur Springs v. Voise (1959), 136 Mont. 1, 343 P.2d 855, leads to this conclusion.

In Voise, cited but ignored by the majority, this Court held that where a collateral consequence will befall one as a result of a previous conviction, he has standing to challenge the legality of that conviction. We have not yet, however, adopted the more liberal rule that allows a person at any time to challenge a previous conviction, even if the sentence has been fully served. This rule is based on the enlightened belief that the desire to clear one's name provides sufficient standing. See, 9 A.L.R.3d 462.

By the rationale of the Voise case (still ostensibly the law in this state), petitioner could not challenge his conviction between 1968 and minimally 1978. He was released from prison in 1968 after serving the full sentence, and was not convicted of theft until 1978. It was not until he was sentenced in 1978 that petitioner had standing to challenge the 1956 conviction, because that conviction was used as a factor in the imposition of the maximum 10-year sentence for theft.

Further, petitioner could not realistically challenge his conviction until this Court finally ruled on the merits of his 1978 theft conviction. His main contention on appeal was that

accomplice testimony was insufficiently corroborated. If he prevailed, it would require a reversal and dismissal. In such event, under the Voise rationale, he could not challenge the 1956 conviction. We upheld the theft conviction on November 8, 1978, and denied the petition for rehearing on December 14, 1978. State v. Standley (1978), ___ Mont. ___, 586 P.2d 1075, 35 St.Rep. 1631. If petitioner had filed a petition for post-conviction relief before his appeal was decided, doubtless a district court or this Court would have ruled that he must first await the outcome of his appeal. A favorable ruling on his appeal would render his petition moot.

Therefore, if we eliminate the years that, under the Voise rationale, cannot be held against petitioner in filing his petition (1968-1980), 12 years remain (1956-1968) in which petitioner could have filed a petition to overturn his 1956 conviction. I am unwilling to declare that he is guilty of bad faith in not doing so in that 12-year period, and this is especially so where there has been no evidentiary hearing.

It appears, however, that the majority adopts a policy declaring that a long delay in filing a petition for post-conviction relief automatically amounts to bad faith and bars the right to a hearing on the merits. Such a policy is actually based on laches. But whatever the case, an explanation is particularly called for when, under the Voise rationale, only 12 of the 25 years can be assessed to the petitioner in determining the good faith versus bad faith issue. But the majority has ignored the logical application of Voise to petitioner's case.

Two other matters need to be mentioned. The majority refers to petitioner's problems on parole and his parole revocation for the apparent purpose of implying at least that he had effective counsel in 1956 when he entered his guilty plea. But

there is no connection between a parole revocation sometime after 1959 and a claim of ineffective assistance of counsel arising in 1956. How can a parole revocation sometime after 1959 have any legitimate bearing on a claim that one was denied effective assistance in 1956? Another apparent reason for raising petitioner's parole problems and revocation, is to declare in effect that petitioner must be a bad person and therefore must have committed the rape in 1956 if he was charged with sexual assault while out on parole. But petitioner was never convicted of the sexual assault charge and we have no basis in the record before us to determine that his parole revocation was effectively an admission that he committed the sexual assault. Aside from its irrelevance to the issue of incompetent counsel in 1956, this is again getting into the realm of fact-finding that is better left to the trial courts.

In quoting from McNair, which in turn quotes from United States v. Bostic (D.D.C. 1962), 206 F.Supp. 855, the majority fears that the prosecution will incur insurmountable difficulties in presenting another case if petitioner succeeded in getting his 1956 conviction set aside. I must agree that the difficulties could well be insurmountable, but that is not an important factor in this case. Petitioner has already served a full sentence for that crime, and should he succeed in getting the 1956 conviction set aside, I doubt that any prosecutor would be interested in taking the case to trial. What would be gained?

In concluding this dissent, I again, admit my inability to analyze the majority decision. I fear, however, that under the guise of bad faith, it has adopted a per-se laches rule that will automatically bar post-conviction relief in situations where an appreciable time has elapsed between the conviction and the petition. If that is the holding, it will work a great injustice in the long run.

-11-

I would reverse the District Court order and require a full evidentiary hearing on the merits, with good faith versus bad faith in the delay in bringing the petition, to be considered as only one of the many factors that can be properly considered.

_____
Justice

I join in the foregoing dissent.

_____
Justice