## Bill Jaggers v. The State.

### No. 9977.   Delivered March 31, 1926.

### Rehearing denied May 12, 1926.

1.—Transporting Intoxicating Liquor—Requested Charge—Covered by Main Charge—Properly Refused.

Where appellant's defensive theory was that he was not in the county where the offense was committed when same was committed, and the court's main charge correctly presented the issue, there was no error in refusing his requested charge on the same subject.

2.—Same—Requested Charge—On Accomplice—Properly Refused.

Where appellant, on trial for transporting intoxicating liquor, requested the court to charge that Donnegan was an accomplice, and that they could not convict on his testimony alone, such requested charge was properly refused. Art. 670 of the New P. C. specifically states that the purchaser, transporter or possessor of intoxicating liquor shall not be held in law or in fact to be accomplice.

3.—Same—Evidence—Properly Admitted.

Where there was testimony that after the collision between appellant's automobile and another, which resulted in the discovery of about forty gallons of whiskey in his car, that he walked away, bare-headed, there was no error in permitting the state to prove that a cap was found in the car, such testimony being admissible as a circumstance connecting the defendant with the alleged offense.

ON REHEARING.

4.—Same—Charge of Court—On Principals—Properly Submitted.

Where, on a trial for transporting intoxicating liquor, the witness

Donnegan testified that he and appellant were jointly transporting intoxicating liquor in a car belonging to appellant, when discovered by the officers, the court properly charged the jury on the law of principal.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Knox County for unlawfully transporting intoxicating liquor, and his punishment assessed at five years in the penitentiary.

It was the contention of the State in this case that the appellant and one Donnegan were together and guilty of unlawfully transporting about forty gallons of whiskey in an automobile, in Knox County, at the time of having a collision with the occupants of another car. The appellant contended, and introduced evidence to the effect that he was not in Knox County at the time in question, knew nothing of said collision, and had no interest in said whiskey.

The appellant has not favored us with a brief, but the record discloses five bills of exceptions. Bill of exception No. 1 complains of the refusal of the court to give the jury appellant's special charge to the effect that unless they believed that the defendant had some guilty connection with the transportation of the intoxicating liquor, in Knox County, to acquit him. We are of the opinion that there is no merit in this contention, as the court in his general charge instructed the jury that if they had a reasonable doubt as to the presence of the defendant at the time and place where the offense was alleged to have been committed, to acquit him. The indictment charges the offense in Knox County, and we believe the court's charge sufficiently covered the issue presented in said special charge, and there was no error in refusing to give same.

Bill of exception 2 complains of the action of the court in refusing to charge the jury that Donnegan was an accomplice, and that they could not convict the defendant upon his testimony

alone. Art. 670 of the new Penal Code, which was in force at the time of this trial, specifically states that the purchaser, transporter or possessor of intoxicating liquors shall not be held in law or fact to be accomplices, and no other reason for asserting that said witness was an accomplice is set up in the bill. The testimony of the State, if believed, showed clearly that the witness Donnegan and the appellant were transporting whiskey at the time and place alleged in the indictment. Under said Article, supra, we are of the opinion that the court com-mitted no error in refusing to submit this charge.

Bill 3 complains of the action of the court in defining in his general charge who are principals. This bill as presented shows no error in this particular.

Bill 4 complains of the action of the court in permitting the district attorney to prove by the sheriff that a cap was found in the car alleged to have been occupied by the appellant and the witness Donnegan at the time of the collision, because appellant contends it was not shown that he had any connection with same. The record discloses that the State's witnesses testified that after the collision the appellant walked off from the car bareheaded. We fail to observe any error in admitting this testimony, and are of the opinion that same was admissible as a circumstance connecting the defendant with the alleged offense.

Bill 5 complains of the action of the court in permitting the witness Donnegan to testify that appellant told him there were 42 gallons of whiskey in the car in question. This bill as presented shows no error in the action of the court in admitting this testimony. After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The court instructed the jury on the law of principals. Objection was urged to the submis-

sion of that issue upon the ground that it was not raised by the evidence.

The charge on alibi was in these words:

"If you should entertain a reasonable doubt as to the presence of the defendant at the time and place where the offense is alleged to have been committed you will acquit the defendant."

Objection to this charge was also urged.

The issue of principals was, we think, clearly raised by the testimony of Donnegan, who was definite in his statement that the appellant was present and was the owner of the whiskey. Donnegan's testimony leads us to the conclusion that he knew that the whiskey was in the car. According to his testimony, he and the appellant were joint transporters. If Donnegan's testimony was believed, the two were principals under Art. 65, P. C., 1925, which declares:

"All persons are principals who are guilty of acting together in the commission of an offense."

The only complaint of the charge on principals is that the evidence fails to raise it. However, we fail to perceive any tangible objection to the form used in instructing the jury upon that subject. The circumstances were clearly such, we think, as warranted evidence of the identity of the cap, which was found in the car after the wreck. Donnegan testified that on the day of the offense, he was in Knox County in a Dodge car with the appellant. The witness said he had whiskey in the car; that appellant said there were forty-two gallons; that they were driving down the road and another car drove into them. Both cars were wrecked and some of the whiskey ran out. A number of people, including officers, appeared. Appellant was wearing a cap at the time. Donnegan knew that the appellant left his cap there as he found it later.

We think the objection to the testimony of Donnegan that the appellant told him there were forty-two gallons of whiskey in the car is untenable.

According to the appellant, he was not present at the time of the transaction. It was incumbent upon the court to submit the State's theory arising from the evidence as well as that of the appellant. The appellant's theory was alibi. The charge upon that subject, which is quoted above, has been approved and is deemed sufficient. See Harris v. State, 31 Texas Crim. Rep. 416; Stevens v. State, 42 Texas Crim. Rep. 175; Boothe v. State, 4 Texas Crim. App. 213; Chandler v. State, 60 Texas Crim. Rep. 339; Branch's Ann. Tex. P. C., Sec. 52.

Appellant complains of the refusal of an instruction that unless the jury believed that appellant had some guilty connection with the transportation of the whiskey in Knox County they should acquit him. We fail to find any cogent evidence raising the issue of venue. The only defensive theory which has been perceived is that of alibi, which was submitted to the jury.

The motion for rehearing is overruled.

*Overruled.*