Terry Lynn BOOZER, Appellant,

v.

The STATE of Texas, Appellee.

No. 402–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Leave to File Motion for Rehearing Denied Sept. 24, 1986.

George W. Morris, Conroe, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Alfred Walker, First Ass't, Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Before us on appellant's petition for discretionary review is his conviction for burglary, affirmed by the El Paso Court of Appeals in an unpublished opinion.

On direct appeal, appellant asserted the trial court had reversibly erred by denying his motion for instructed verdict of acquittal. Specifically, it was appellant's contention that the State failed to meet its burden of adducing independent evidence corroborative of testimony of the accomplice witness,[1] which the court's charge required as a matter of law before warranting a conviction.

The court of appeals recounted the evidence, observed that the trial court instructed the jury that the accomplice's testimony was to be corroborated as a matter of law and agreed with appellant that no corroboration was extant, concluding: "Under the standard test, the evidence is insufficient to sustain the conviction, and the State practically concedes the same."

However, the court of appeals was persuaded by the State's argument that appellant was *not entitled* to the instruction because the evidence did not establish the witness was an accomplice as a matter of law; without further explication, appellant's "claim of insufficient evidence to corroborate an accomplice witness [was] rejected and the point... overruled."

Thus, as we understand it, the court of appeals held the evidence was insufficient to support the jury's verdict that appellant was guilty under the court's instructions, but the insufficiency was "harmless" because appellant was not entitled to have the State prove what the trial court instructed the jury must be proved before a conviction was warranted. We granted review in order to consider the propriety of this holding.

---

1. Article 38.14, V.A.C.C.P. provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The State Prosecuting Attorney advances the proposition that the trial judge had no *authority* to submit the instruction regarding the accomplice witness as a matter of law, when the witness' status as an accomplice was a question of fact. This is clearly wrong. Cf. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980); see Article 36.14, V.A.C.C.P. Next the State Prosecuting Attorney suggests that appellant cannot now be heard to complain because he waived his right to the only charge to which he was entitled, by his failure to request an instruction on the witness' accomplice status as a matter of fact. But what this overlooks is the fact that the appellant has not, and does not now complain of the charge in any fashion; thus, if an error due to waiver exists in this case, it plainly is not against appellant.

Indeed, the State Prosecuting Attorney apparently would fault everyone but the State for what he contends was an "erroneous" instruction to the jury.[2] Yet the record contains no indication the State objected to the burden of proof placed on it by the trial court's instructions to the jury. Indeed, in resisting appellant's motion for an instructed verdict *the prosecutor argued that testimony of the witness Wilson was corroborated,* and proceeded on that theory before the jury. At the outset, he urged the jurors not to be concerned about "what might or might not happen to the accomplice witness," and in beginning to review the evidence stated:

"We have Miss Wilson, who is an accomplice witness. There's no question about that. She has some complicity in this."

The brief filed by the Harris County District Attorney graciously concedes the State has no right to appeal, but then suggests that appellate courts, upon acquiring jurisdiction of a case, may "reform" the trial judge's charge to remedy "errors against the State." But there is no authority for such an action and we decline the opportunity to contrive it.

The district attorney cites *Smith v. State*, 89 Tex.Cr.R. 145, 229 S.W. 523 (1921) in which the court reversed a conviction for the trial judge's failure to submit the fact issue of accomplice testimony to the jury; the State contends that "except that the sides of the docket were switched, the opinion in [*Smith*] is in point." However, the sides of the docket cannot be "switched," for, as already conceded by the State, it has no right to appeal; the question of *Smith's* relevance is therefore *ab initio* moot.[3]

Much ado has been made by the parties as well as the court of appeals, about whether the evidence adduced at trial supported *submission* of the court's instruction that the witness was an accomplice as a matter of law. We, however, see no occasion to review the evidence for that purpose under appellant's sole ground of error raised originally on appeal.

Because a verdict of "guilty" necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge *that was given.*[4] It follows

---

**2.** One of the many paradoxes contained in the State's argument is that, had the only party having a right to appeal (appellant) sought a reversal on the basis of what the State vehemently contends is an "erroneous" instruction, the ground would be summarily rejected. Thus the "error," if any, is not such as would cause a reversal of the conviction.

**3.** Moreover, in *Smith,* unlike here, the party claiming injury in the appellate court did not wait to initiate objection in that forum, but complained of the charge in the forum where it could be corrected—the trial court.

**4.** It is interesting to note that the State Prosecuting Attorney does not in this case claim that the

sufficiency of the evidence to support a conviction should be measured by the *indictment* allegations, as he claimed in *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982 and 1983) (Opinions on State's Motions for Rehearing). Indeed, the case before us illustrates with poignance the flaw in that argument: Corroboration of accomplice witness testimony—like, for example, the law of parties—is not alleged in the indictment. It is only the court's charge which requires these findings. See also and compare *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983) (Opinion on Original Submission) [where the claimed "erroneous jury instruction" did conform to "surplusage" alleged in the indictment].

that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "guilty" which was authorized.[5] *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1982 and 1983).

■ Under the trial court's charge in the instant case, the only verdict authorized in view of the evidence was "not guilty;" restated, had the jury followed the trial court's instructions, appellant would have been acquitted.

The State contends that at most appellant's conviction should be reversed and remanded because the court's charge constituted "trial error" which does not necessitate an acquittal under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). There are several things wrong with this argument.

■ First, appellant has never complained of the court's charge and, even if he had and we determined error existed, it would not entitle him to a reversal. See n. 2, *ante.* Second, we have no other occasion to determine whether the charge submitted was supported by the evidence: the State's acquiescence to its submission indicates that party's belief that it fairly represented to the jury the State's burden of proof. Third, the State could not possibly conjure the argument that the charge is unsupported by the evidence and therefore defective, without first reviewing the evidence as a whole and finding it insufficient, but that party asks this Court to ignore that deficiency and give it a "second bite of the apple."[6]

■ And finally, we believe the disposition of this cause made by the court of appeals would patently offend constitutional prohibitions against double jeopardy and due process of law. To find the evidence insufficient to support the jury's determination but harmless, is an unconstitutional result.[7] Does the double jeopardy clause contemplate protection from a retrial after a trial proceeding such as the one before us? An observation from *Ortega v. State,* 668 S.W.2d 701, 705, n. 10 (Tex.Cr.App.1983) (Opinion on Original Submission) bears repeating here:

"But once the phrase is incorporated into the court's instructions to the jury in such a way that the jury *must* find it *before* a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed 'contrary to the law and evidence.' See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution. Cf. *Burks*

---

5. V.A.C.C.P., Articles 1.15, 36.13; 38.04; 36.14; 38.03; 37.07, § 2(a); 37.07, § 1(a) and (b); 37.-01; 37.12; 42.01, §§ (4)–(8); 1.04; and 40.03(9).

6. The State apparently overlooks the fact that even if we agreed the trial court's instruction constituted reversible "trial error," we would nevertheless be constrained to review the sufficiency of the evidence since it is raised by appellant. *Thompson v. State,* 621 S.W.2d 624 (Tex.Cr.App.1981); *Hooker v. State,* 621 S.W.2d

597 (Tex.Cr.App.1980); *Swabado v. State,* 597 S.W.2d 361 (Tex.Cr.App.1980).

7. "To hold otherwise would create a purely arbitrary distinction between those in [appellant's] position and others who would enjoy the benefit of a correct decision by the [factfinder in the trial court]." *Burks v. United States,* supra 437 U.S. at 11, 98 S.Ct. at 2147.

*v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) [emphasis original]."

We accordingly hold the State's failure to object to the accomplice witness instruction in the trial court waives any question regarding "trial error" on appeal.

It is clear appellant should have been acquitted by the trial court on his motion; failing that, the jury was authorized only to find appellant "not guilty." Had either the trial court's or the jury's determination been correctly made, the State could not have been heard to complain since it would have no appellate remedy.[8] The State—apparently believing at the time of trial that corroboration was required and that it had adduced ample evidence to corroborate the accomplice testimony—may not obtain a result on appeal which the Constitution and laws of this State prohibit it from seeking upon the return of a "not guilty" verdict.[9] *Benson,* supra, (Opinion on State's First Motion for Rehearing).

The judgment of the court of appeals is reversed, the judgment of conviction is reversed and the cause is remanded to the trial court for the entry of a judgment of acquittal. *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr.App.1979).

It is so ordered.

TEAGUE, Judge, concurring.

The long and short of what occurred in the appeal of this cause is that the El Paso Court of Appeals erred when it chose to make the independent determination that the trial judge should not have instructed the jury that Margaret Wilson was an accomplice witness as a matter of law. The record reflects that the charge that was given was given without objection from either the prosecuting attorney or the appellant or his counsel. Furthermore, the trial judge's instruction was a correctly worded statement of the law.

Other than when complaint is made in the trial court and on appeal that the trial court should not have given an instruction to the jury, or when the claim is made that an instruction to the jury was fundamentally defective, I have yet to find any legal authority which supports the proposition that an appellate court is permitted to review the record in order to make the independent determination whether the trial court erred when it gave an unobjected to and correctly worded and phrased instruction to the jury.

I believe that when an unobjected to and correctly worded and phrased instruction has been given by the trial judge to the jury, an appellate court should not concern itself with the merits of whether the charge that was given should have been given. In that instance, I will always defer to the judgment of the trial judge. Where the issue of sufficiency is raised, the case should be viewed by an appellate court from the standpoint of the instruction that was given, and not whether the trial judge erred in giving the unobjected to instruction.

Therefore, the question that was before the court of appeals was not, as it framed it, "[W]hether Miss Wilson could be prosecuted as a party to the burglary," but, instead, because the trial judge instructed the jury that she was an accomplice witness as a matter of law, was "[W]hether the evidence was sufficient to corroborate her testimony."

Notwithstanding the error by the court of appeals, the majority of this Court has correctly decided the case. I therefore concur in its decision.

8. "Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty." [Emphasis original] *Burks v. United States,* 437 U.S. at 16, 98 S.Ct. at 2150.

9. See Article V, § 26 Tex. Const.; Articles 40.02; 44.01, V.A.C.C.P.; see also *Faulder v. Hill,* 612 S.W.2d 512 (Tex.Cr.App.1980) (Opinions on Original Submission).

McCORMICK, Judge, dissenting.

Once again the majority has seen fit to enter an erroneous order of reversal and acquittal when the evidence presented at trial clearly satisfies the allegations of the indictment. The indictment alleged that appellant did then and there:

"with intent to commit theft, enter a building not then open to the public, owned by JACK THOMASOM, hereafter styled the Complainant, without the effective consent of the Complainant."

After hearing the evidence, the jury found appellant guilty. On appeal, appellant argued that the evidence was insufficient to sustain the conviction because the testimony of the accomplice witness was uncorroborated. The El Paso Court of Appeals reviewed the case and correctly found that the trial court had erroneously charged the jury that witness Margaret Lynn Wilson was an accomplice witness as a matter of law. The Court of Appeals held that, since there was no evidence to show that Ms. Wilson was an accomplice, appellant's argument that the evidence was insufficient to corroborate Wilson's accomplice witness testimony was without merit.

As I wrote in *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982) (Dissenting Opinion on State's Second Motion for Rehearing):

"... the majority is in error when it asserts that a reviewing court is to judge the sufficiency of the evidence by looking at how the court charged the jury. This erroneous assertion is based on the false premise that when an appellate court is reviewing the sufficiency of the evidence it is looking to determine whether this particular jury was correct in the verdict it reached. That is not the premise on which sufficiency of the evidence is to be determined. The purpose of an examination as to sufficiency of the evidence is not to determine whether this particular jury erred in their verdict, but whether 'a rational trier of fact' could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. In other words, has the State met the burden of proving the allegations made in their indictment against the defendant?" *Benson v. State*, supra at 717–718. (footnote omitted)

An error such as the one presented to us today is not of the type envisioned in the law to mandate a judgment of acquittal. Rather, it is what has become known as "trial error", that is, error which renders a case reversible and ripe for a new trial. The United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978), recognized this distinction and included incorrect jury instructions under the category of *trial error*.

"In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, *incorrect instructions*, or prosecutorial misconduct...." 437 U.S. at 15, 98 S.Ct. at 2149. (emphasis added)

The error which the majority finds in this case today certainly has nothing to do with the guilt or innocence of appellant. Clearly the State proved every allegation of the indictment. Only the trial court was in error when it gave the faulty instructions to the jury. Upon retrial, no change is required in the State's proof. Only the court's erroneous charge that Margaret Lynn Wilson was an accomplice witness as a matter of law need be eliminated. In a situation such as this, the only proper remedy is to reverse and remand for a new trial. Until the majority sees fit to do just that, I must dissent.

ONION, P.J., and W.C. DAVIS and CAMPBELL, JJ., join in this dissent.

CLINTON, Judge, concurring in the denial of the State's motion for leave to file motion for rehearing.

I write only to clarify that my own understanding of "reviewable rulings of the trial court" as employed in the majority opinion on original submission, coincides with that expressed by Judge Campbell here. As was explicated in *Ortega v. State*, 668 S.W.2d 701, 705, n. 10 (Tex.Cr. App.1984) (Opinion on original submission):

"But once the phrase is incorporated into the court's instructions to the jury in such a way that the jury *must* find it *before* a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed 'contrary to the law and evidence.' See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution. Cf. *Burks*

*v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). [Emphasis original]."

Clearly, rulings of the trial court which the State would have us review for error so as to defeat an appellant's substantive claim of a bar to retrial must be somehow shown to be subject to review for error; appellate courts have no occasion to review such a ruling for error if both parties were satisfied with the trial court's action at the time it was taken.[1]

In sum, I agree with Judge Campbell, that in the event the State had objected to the trial court's unnecessarily increasing its burden of proof, we would be in a position to point to the accomplice witness charge and say, "that charge was erroneous just as the prosecutor argued," then hold *that* error was the direct cause of the reversal of the conviction and as such was "trial" charge error.[2] But when the defendant, the State and the trial judge all agree as to what must be proved in a prosecution, yet the evidence fails to measure up, the State has had its "bite at the apple" since being given a fair opportunity to marshall the evidence necessarily includes a comprehending election of exactly what that evidence must establish. Indeed there is no "error" other than the sufficiency of the evidence. The State simply cannot argue on appeal that a critical choice to acquiesce in the burden imposed on it in the trial court, constituted a critical "error" entitling it successively to prosecute a citizen.

TEAGUE, Judge, concurring to this court's decision to deny the State leave to file its first motion for rehearing.

On original submission, a majority of this Court, in ordering that an acquittal be en-

---

**1.** While it is true that Article 36.14, V.A.C.C.P., provides for objections by an accused only, the Court has found it "elementary that the state has the right to have issues in its favor submitted properly," *Berry v. State*, 80 Tex.Cr.R. 87, 188 S.W. 997, 998 (1916), and has made it the duty of a trial court to submit issues "on the theory of the state's contention" raised by the evidence, *Flewellen v. State*, 83 Tex.Cr.R. 568, 204 S.W. 657, 661 (1917). See also *Cantu v. State*, 170

Tex.Cr.R. 375, 341 S.W.2d 451, 452 (1960) and *Jaggers v. State*, 104 Tex.Cr.R. 174, 283 S.W. 527, 528 (1926). Surely a trial court would not be in error if it afforded the prosecutor an opportunity to be heard regarding defects in the charge.

**2.** As opposed to an error of the *prosecutor* in either circumscribing or meeting his burden of proof.

tered on appellant's behalf, correctly held that "Under the trial court's charge in the instant case, the only verdict authorized in view of the evidence was 'not guilty;' restated, had the jury followed the trial court's instructions, appellant would have been acquitted." I filed a concurring opinion, agreeing with what the majority had stated and held.

Judge Campbell has filed a concurring opinion to this Court's denying the State leave to file its first motion for rehearing. For reasons the majority stated on original submission, I agree with Judge Campbell that the majority correctly denies the State leave to file its first motion for rehearing.

I write only because I am concerned with how much weight some prosecuting attorneys and trial judges might give Judge Campbell's very logically sounding and appealing concurring opinion.

Judge Campbell states in his concurring opinion, inter alia, without any supporting legal authority: "As I see it, the function of Art. 36.15, V.A.C.C.P., from the State's standpoint is that it permits the State to notify the trial judge that the jury charge requires the State to prove more than is minimally necessary under the indictment and the evidence to obtain a conviction." I pause to point out that I have yet to find any decision by this Court where this Court has ever, either expressly or implicity, made such a statement or holding, in the context of a written requested charge by the prosecuting attorney.

With this statement as his starting point, Judge Campbell then writes a very logical opinion to reach the result that if the prosecutor uses Art. 36.15, supra, to complain about what he perceives to be error in the trial court's final charge to the jury, then, if there is error as occurred in this cause, such error would only be trial error, and not what has now come to be known as "Burks-Greene error." Someday what Judge Campbell has stated may become the law of this State. However, at this time, such is not the law of this State.

A careful reading of Articles 36.14, 36.-15, and 36.16, V.A.C.C.P., which pertain to making objections to the court's preliminary and final charge to the jury, and the submission of requested special charges, reveals that through Legislative omission, the State may not invoke the provisions of Articles 36.14 and 36.16, supra. It is only entitled to "present written instructions and ask that they be given to the jury," pursuant to Art. 36.15, supra. Now, from the State's standpoint, what does this provision mean?

I have not yet found a decision by this Court which has, as applicable to a given case, construed the provisions of Art. 36.15, supra, from the State's standpoint. Unfortunately, some judges of this Court, including myself, are guilty of having loosely stated that the prosecuting attorney did not "object" to the final jury charge. However, whenever this has occurred, such was done only to emphasize the point that a given record on appeal was bare of any complaint by the prosecution to the trial court's final jury charge. See, for example, *Benson v. State*, 661 S.W.2d 708, 712 (Tex.Cr.App.1982) (Opinion on State's First Motion for Rehearing).

In this instance, because the State did not submit any type of written requested instruction, anything stated regarding the prosecution submitting written requested instructions is *obiter dictum*. For me to add to what Judge Campbell has written would only make matters worse and would, of course, aggravate the *obiter dictum* that is in his concurring opinion.

Therefore, I will close with these words of caution: Until this Court is given the opportunity to write on and discuss the meaning of the provisions of Art. 36.15, supra, as they might relate to a written requested instruction by the prosecution, if I were a prosecutor or a trial judge, I would view with caution what Judge Campbell has written, and suggested in his concurring opinion.

CAMPBELL, Judge, concurring in the denial of the State's motion for leave to file motion for rehearing.

After carefully re-examining the issue in this case, I am now of the opinion that this

case was correctly decided on original submission. However, the majority opinion on original submission fails to define the crucial phrase "reviewable rulings of the trial court", *Boozer v. State*, No. 402–82, slip op. at 6, quoting *Ortega v. State*, 668 S.W.2d 701, 705, no. 10 (Tex.Cr.App.1984), and therefore fails to give the bench and bar adequate guidance in determining whether appellate courts will permit retrials in cases where the State requests, but does not receive, a charge which correctly sets for the State's burden of proof under the indictment and facts of the case.

The thrust of the problem in the instant case is that the State acquiesced in a jury charge which required it to corroborate the testimony of its key witness—corroboration which the State was unable to supply. Evidence presented at trial that the witness was or was not an accomplice as a matter of law is of no moment to our consideration, because the State has historically been free to voluntarily shoulder a greater burden of proof in a criminal trial than is required by the Texas Penal Code.[1] Since the State did not complain at trial about the burden of proof allocated by the jury charge, we can only presume that the State volunteered to shoulder the burden of producing corroboration of the testimony of the witness Wilson.[2]

As I see it, the function of Art. 36.15, V.A.C.C.P. from the State's standpoint is that it permits the State to notify the trial judge that the jury charge requires the State to prove more than is minimally necessary under the indictment and the evidence to obtain a conviction. If the State does not avail itself of this opportunity at trial, it can only be presumed on appeal that the State volunteered to shoulder a greater burden of proof—and the State must be held to that burden on appeal when the appellant challenges the sufficiency of the evidence.[3]

When the State does make known its complaint to the trial judge concerning the burden allocated to it by the charge, it not only allows the trial judge to correct the charge then and there, but also notifies appellate courts that the State is not volunteering to shoulder any greater burden of proof than is required by the indictment and the evidence presented in the case. If the State has pursued this course but the trial judge nonetheless insists on making the State shoulder a greater burden of proof than required by law, and on appeal the appellant challenges the sufficiency of the evidence, I would hold that all rulings on the State's requested special charges pursuant to Art. 36.15, supra, are reviewable. If it is determined on appellate review that the trial judge erred in charging the jury and that the error in the charge is the cause of the insufficiency of the evidence, I would always call that error "trial error," thus permitting the State to retry the de-

---

**1.** For example, in *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1984), the State alleged and attempted to prove that the defendant acted with the intent to fraudulently obtain property and services. Allegation and proof of either property or services is sufficient to support a conviction under the Credit Card Abuse statute. See V.T.C.A. Penal Code, Sec. 32.31(b)(2). Since the State acquiesced in a jury charge which increased its burden of proof beyond what was minimally required by the applicable penal provision, it was held to that burden on appeal. Consequently, this Court unanimously ordered an acquittal for Ortega. See also *McClure v. State*, 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956); *Maples v. State*, 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933); *Smith v. State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927).

**2.** Article 36.14, V.A.C.C.P. permits the defendant, but not the State, to object to matters in the jury charge. The State's only vehicle for lodging its complaints concerning the jury charge with the trial judge is the requested special charge authorized by Art. 36.15, V.A.C.C.P.

**3.** I observe that the cases chronicled in fn. 1, *ante*, deal with situations wherein the State expressly increased its burden of proof by its pleading, and then acquiesced in the court's charge to the jury concomitant with the same. The instant case differs in the sense that, although the State did not expressly increase its burden by pleading the law of accomplice testimony, it nevertheless acquiesced in the court's charge to the jury which did increase the burden by instructing that the witness Wilson was an accomplice as a matter of law. In both instances, the State, however, assumes a greater burden of proof.

fendant, provided the State complies with Art. 36.15, supra. It follows that I vehemently disagree with the implication in the majority opinion that the jury charge cannot be reviewed on appeal unless the *defendant* raised the issue.[1]

It is axiomatic that the State cannot initiate the appellate process in a criminal case. Art. V, Sec. 26, Texas Constitution. However, "when the convicted defendant initiates the appellate process, he sets in motion the whole procedure including the right of the State to seek discretionary review under certain conditions." *Todd v. State*, 661 S.W.2d 116, 126 (Tex.Cr.App. 1983) (Onion, P.J. concurring).

Thus, I don't think that reviewing the State's requested special charges is even remotely tantamount to allowing the State to appeal. The function of the requested special charge on appeal in the sufficiency context is to allow the appellate court to determine whether the evidence is insufficient because the State "bit off more than it could chew", or because the trial judge erroneously forced the State to prove something which was not necessary under the law nor under the evidence adduced at trial. In either situation, the decision to reverse or affirm is based on the charge as given to the jury. Only the *defendant's* challenge to the sufficiency of the evidence occasions appellate review of the State's requested special charges, and then the purpose of review is solely to determine whether a retrial is permitted under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Allowing the State, in fact even encouraging the State, to prevent a defendant from obtaining appellate relief to which that defendant is not constitutionally entitled is simply not the same as allowing the State to appeal from an adverse outcome in the trial court.

I therefore concur in the decision of the majority of this Court to deny leave to file the State's Motion for Rehearing in this cause, but I find regrettable the failure of the majority opinion on original submission to elucidate its meaning of "reviewable rulings of the trial court."

MILLER, J., joins.

ONION, Presiding Judge, dissenting to the denial of the State's motion for leave to file motion for rehearing.

Appellant was convicted of burglary of a building. The jury assessed his punishment at 10 years' imprisonment.

On appeal appellant advanced a single ground of error to wit:

"The Honorable Trial Court committed error in refusing to grant defendant's motion for an instructed verdict of not guilty because of insufficient evidence."

It is observed that the motion for instructed verdict was presented to the trial court after the State rested its case at the guilt stage of the trial. It was argued and overruled *before any charge was submitted* to the jury.

The burglary occurred in Harris County on the night of December 29, 1978. According to Margaret Lynn Wilson, appellant and his wife came to Austin and stayed with her. They told her how the burglary was committed and showed her some of the fruits thereof. She pawned some items for the appellant and his wife. After a rift Wilson reported the burglary to the Austin police.

In arguing his motion for instructed verdict to the trial court, appellant urged that Wilson was an accomplice witness as a matter of law and that her testimony was not corroborated as required by Article 38.-14, V.A.C.C.P. In *Easter v. State*, 536 S.W.2d 223, 228 (Tex.Cr.App.1976), it was held that the 1974 Penal Code made some

---

4. "Much ado has been made by the parties as well as the Court of Appeals, about whether the evidence adduced at trial supported *submission* [emphasis in original] of the court's instruction that the witness was an accomplice as a matter

of law. *We, however, see no occasion to review the evidence for that purpose under appellant's sole ground of error raised originally on appeal."* At 610 [emphasis added.]

notable changes with regard to parties to a crime, and that an accessory after the fact had been eliminated as a party to a crime. See now V.T.C.A., Penal Code, · § 38.05. Thus what was an accessory after the fact under the former Code is not now an accomplice witness under Article 38.14, V.A. C.C.P. See also *Aston v. State,* 656 S.W.2d 453 (Tex.Cr.App.1983); *Emmett v. State,* 654 S.W.2d 48, 49 (Tex.App.—Dallas 1983). His or her uncorroborated testimony alone may support another's conviction. Under the record Wilson was not an accomplice witness. The trial court did not err in overruling the motion for instructed verdict as claimed in appellant's sole ground of error. On appeal the contention advanced could have been quickly answered.[1] This should have ended the matter.

The Court of Appeals, however, sua sponte broadened the contention and did not mention at all the motion for instructed verdict set forth in appellant's only ground of error. The court stated, "Appellant's sole ground of error is that the evidence was insufficient to sustain the conviction because the same was based upon the uncorroborated testimony of an accomplice witness. Article 38.14, V.A.C.C.P."

The court noted the facts and observed that the court charged the jury that Margaret Lynn Wilson was an accomplice witness as a matter of law. The Court of Appeals agreed the evidence was insufficient to corroborate Wilson's testimony if she was an accomplice witness, but held that in light of *Easter,* supra, that Wilson could not be prosecuted as a party to the burglary, and was not an accomplice witness. The claim of insufficient evidence was rejected.

*Boozer v. State* (Tex.App.—El Paso—No. 08-81-00230-CR 1982).

Switching from his original and only contention on appeal, appellant filed his petition for discretionary review stating his only ground of review as

"The Court of Appeals erred in denying the Appellant the benefit of the finding by the trial court that the witness was an accomplice as a matter of law."

In its brief opposing the grant of the said petition the State notes the appellant does not question the correctness of the holding that Wilson was not an accomplice witness as a matter of law, but takes the position for the first time that in determining the sufficiency of the evidence the appellate court is bound by the incorrect jury instruction of the trial court.

The petition for discretionary review was granted.

This Court reversed the conviction and remanded to the trial court for an order of acquittal. Four judges joined in the opinion with one judge concurring. Four judges dissented. The majority opinion stated:

"On direct appeal, appellant asserted the trial *court* had reversibly *erred by denying* his *motion for instructed verdict* of acquittal. *Specifically, it was appellant's contention* that the State failed to meet its burden of adducing independent evidence of the accomplice witness, *which the court's charge required as a matter of law before warranting a conviction.* " (Emphasis supplied.)

---

1. In his brief appellant advanced his "instructed verdict" claim, recited the testimony and discussed several cases dealing with corroboration of an accomplice witness. At no time did he mention or rely upon the court's charge to the jury.

The overruling of a defendant's motion for an instructed verdict will be presumed to have been proper. *Lewis v. State,* 481 S.W.2d 822 (Tex.Cr.App.1972). The trial court is presumed to have had good cause in overruling the motion for instructed verdict. *Thumann v. State,* 466 S.W.2d 738 (Tex.Cr.App.1971); *Wyatt v. State,*

566 S.W.2d 597 (Tex.Cr.App.1978); *Lewis · v. State, supra.* If necessary, it will also be presumed that the facts averred in the motion were not shown to be true. *Wilson v. State,* 106 Tex.Cr.R. 75, 290 S.W. 1103 (1927). See Tex. Jur.3rd, Vol. 26, Crim.Law, § 4249, p. 608, 609.

"On appeal rulings relating to the conduct of the trial court will not be disturbed save for abuse of discretion matters to which this rule has been applied include ... directing or refusing to direct a verdict of not guilty...." Citing *Wilkerson v. State,* 131 S.W. 1108 (Tex. Cr.App.1910).

Such language is interesting in view of the observation earlier made (see footnote # 1) that nowhere in appellant's brief did he mention, refer to or rely upon the court's charge, which came *after* the ruling on the motion for instructed verdict. The ruling on an instructed verdict motion is not measured by the charge.

Later the majority opinion stated:

"Much ado has been made by the parties as well as the Court of Appeals about whether the evidence adduced at trial supported *submission* of the court's instruction that the witness was an accomplice as a matter of law. We, however, see no occasion to review that evidence for that purpose under appellant's sole ground of error raised originally on appeal." (Emphasis in original).

There may be some disagreement about the "much ado" observation. Appellant, urging only that the court erred in overruling his motion for instructed verdict, did not even mention the court's charge in his original brief. The Court of Appeals simply recited the facts, noted the charge given and concluded that under *Easter,* supra, Wilson was not an accomplice witness and held the evidence sufficient. The State's brief hardly aids the observation. Be that as it may, it is the second sentence in the paragraph quoted above that is mystifying. The sentence seems to say the court will not review evidence supporting the court's charge on the accomplice witness in passing on appellant's ground of error that prior to giving the charge the trial court erred in overruling the instructed verdict motion. To add to the puzzlement the majority goes on to hold the sufficiency of the evidence must be measured only by the language of the charge given. Apparently what the majority was really saying was that it was not going to discuss whether the accomplice witness instruction given was erroneous.

This is borne out because the majority opinion, turning to consider appellant's sole ground of error originally raised, held that "the sufficiency of the evidence is measured by the charge that is given," and if the evidence does not conform to the instruction given it is insufficient as a matter of law to support the guilty verdict, citing *Benson v. State,* 661 S.W.2d 708 (Tex.Cr. App.1982). The majority then held that in the instant case, under the charge given, the only verdict authorized in view of the evidence was "not guilty," for if the jury had followed the trial court's instructions the appellant would have been acquitted. The majority concluded the State's failure to object to the court's charge waived any "trial error" on appeal, and that double jeopardy prevented retrial and appellant was entitled to an acquittal. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

After all the discussion on the court's charge and none on the instructed verdict motion, the majority stated:

"It is clear appellant should have been acquitted on his motion, failing that, the jury was authorized only to find appellant 'not guilty.' "

The majority holds the sufficiency of the evidence is judged only by the charge given to the jury, and this is true even if, as in this case, the charge was erroneous under the law and facts and favorable to the appellant. And the appellant is permitted to go scot-free by the majority on a double jeopardy theory because the State did not object, even though Article 36.14, V.A.C. C.P., permits only the defendant, not the State, to object to the court's charge. The majority reasons, however, that had the State objected, then the erroneous court's charge would have only been "trial error," permitting reprosecution of the appellant.

Here the appellant had the advantage of an erroneous jury instruction favorable to him which he utilized during the trial. If he had been found "not guilty" because of the erroneous jury instruction, that would have been the end of the case. Now on appeal the majority still allows him to use the jury instruction to go scot-free even though the evidence shows his guilt of the

offense charged beyond a reasonable doubt.

In *McClure v. State*, 214 Ark. 159, 215 S.W.2d 524, 529 (1948), the Court held that in reviewing the sufficiency of the evidence it was not bound by the trial court's instruction to the jury that corroboration of the accomplice witness was required although it found corroboration to be present in any event.

In *Hammonds v. State*, 166 Tex.Cr.R. 499, 316 S.W.2d 423 (1958), and *Pitts v. State*, 85 Tex.Cr.R. 14, 210 S.W. 199 (1919), the jury charges failed to include instructions on the need for corroboration of accomplice witness testimony. The defendants did not object to the charges nor present special requested charges. For that reason they were not allowed to attack the jury charges on appeal for the omission of the accomplice witness instruction. Nevertheless, this Court held it *could and would* review the sufficiency of the evidence under accomplice witness standards since the records demonstrated that certain witnesses were in fact accomplice witnesses. Thus the acquiescence of those defendants in the charges did not mandate that the evidence supporting the convictions be reviewed only from a "charge as given" vantage point. There should not be a different standard for the State, or these cases should be overruled.

*Aston v. State*, 656 S.W.2d 453 (Tex.Cr. App.1983), involved a murder case. There the trial court instructed the jury that both Foster and Wilson were accomplice witnesses as a matter of law. Foster had testified for the State and Wilson had been called by the defense. Article 38.14, V.A. C.C.P., does not require corroboration of a defense witness. *Cranfil v. State*, 525 S.W.2d 518, 520 (Tex.Cr.App.1975), and cases there cited. The trial court erred, instructing the jury that Wilson was an accomplice witness. This Court, without dissent, held that under these circumstances it was not error for the trial court to have failed to charge that one accomplice witness may not corroborate another accomplice witness.

Applying the standard of looking only at the court's charge as the majority does in this case, several questions come to mind. Suppose a trial court charges the jury on the law of circumstantial evidence, telling the jurors the case rests upon circumstances and gives them the burden of proof required thereunder by the former law. On appeal the appellate court finds that the evidence does not meet the burden of proof required by the charge, but that the evidence was direct, not circumstantial, and that a rational trier of fact could have found all the essential elements beyond a reasonable doubt, a lesser burden of proof than that set forth in the charge. The charge on circumstantial evidence need not have been given, and in light of *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1981), need not have been given even if the evidence was circumstantial. Must an appellate court, under the standard utilized today, reverse and order the acquittal of the defendant? Does the reversal depend upon the State's failure to object to the charge, and the fact there is supposed to be no such thing as surplusage in a court's charge, at least as to the part which authorizes conviction, whichever part that is?

Another question comes to mind. The Legislature's lawmaking authority includes the right to define crimes and fixe penalties therefor. Article III, § 1, Tex. Const.; *Baker v. State*, 70 Tex.Cr.R. 618, 158 S.W. 998 (1913); *McNew v. State*, 608 S.W.2d 166, 176 (Tex.Cr.App.1980) (Opinion on Rehearing). This is certainly not a judicial function, and there is a constitutional doctrine of the separation of powers. Article II, § 1, Tex. Const. Suppose the Legislature enacts a penal statute defining a crime with elements "a," "b," "c" and "d." A defendant is indicted for the commission of said offense. The indictment properly charges the offense and includes all four elements thereof. In charging the jury the trial court submits the four elements required by the statute, but redefines the crime by adding element "e" or a fifth element, and requires the jury to find all five elements beyond a reasonable doubt

before convicting. On appeal the defendant contends the evidence is insufficient to support the fifth element submitted. Viewing the evidence in the light most favorable to the verdict, the appellate court agrees that despite the jury's finding, that the evidence is insufficient to support the fifth element, but that a rational trier of fact could have found beyond a reasonable doubt the "essential" four elements of the crime as defined by the Legislature. Under such circumstances, because the State did not object to the charge, does the court's erroneous inclusion of an additional and unnecessary element call for reversal and an order to acquit the defendant?

There are other questions. Does it make any difference in the standard applied by the majority if the erroneous charge, favorable to the defendant, is given only upon his objection or because of his special requested charge? May he then use such favorable instruction to walk free? How does the standard apply to a bench trial?

The sufficiency of the evidence to support a criminal conviction implicates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The Double Jeopardy Clause of the Fifth Amendment is implicated only when the prosecution seeks to retry an accused after either a trial or where an appellate court has actually entered a judgment holding the evidence in the first trial insufficient. *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Thus Fifth Amendment cases such as *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,*

437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), become directly applicable only after a court has already found the evidence in the first trial insufficient and is pondering whether a second trial can be permitted despite the lack of evidence in the first.

The Double Jeopardy Clause is not an absolute bar to successive trials. The general rule is that the Double Jeopardy Clause does not bar reprosecution of a defendant whose conviction is overturned on appeal. *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896); *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964); *Justices of Boston Municipal Court v. Lydon, supra.*

The majority has gotten the double jeopardy cart before the due process horse. The majority has given the appellant more process than is due in determining that the sufficiency of the evidence is to be determined by looking only at the court's charge. The error here is not in the sufficiency of the evidence but in the trial court's instruction to the jury. See *Williams v. State,* 696 S.W.2d 896, 898 (Tex. Cr.App.1985) (Dissenting Opinion).

In summary, the majority originally errs in not sticking to appellant's original contention that the trial court erred in overruling his motion for instructed verdict which does not implicate the subsequently given charge. Next the majority errs in determining the sufficiency of the evidence only by looking to the court's instructions,[2] even though erroneous, without reviewing the evidence or the holding of the Court of Appeals, and further insisting that the whole matter turns on the failure of the State to object. I dissent.[3]

W.C. DAVIS, McCORMICK and WHITE, JJ., join this opinion.

**2.** Even in *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Cr.App.1982) (Opinion on State's Second Motion for Rehearing), the majority stated:

"We hold that when a charge is correct for the theory of the case presented we review the sufficiency of the evidence in the light most favorable to the verdict by comparing the

evidence to the indictment as incorporated in the charge."

**3.** While the right result was reached in *Benson* on original submission, I would overrule *Ortega v. State,* 668 S.W.2d 701 (Tex.Cr.App.1984), and *Williams v. State,* 696 S.W.2d 896 (Tex.Cr.App. 1985).