TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-95-00660-CR






Linda Sue Broughton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,295, HONORABLE OLIVER KELLEY, JUDGE PRESIDING








 A jury found appellant Linda Sue Broughton guilty of burglary of a habitation, for
which the trial judge assessed punishment at a fine of $1,000 and a probated sentence of ten-years
confinement. See Tex. Penal Code Ann. § 30.02(3) (West 1994). We will affirm the judgment.

 Broughton was indicted for burglary by entering a habitation without the consent
of Eddie Lynch, the owner, and therein committing or attempting to commit the following felony
offenses: (1) kidnapping of a child; (2) robbery of Edith Lynch; (3) sexual assault of Edith Lynch;
and (4) aggravated assault upon Edith Lynch and her son Eddie Lynch, the father of the child. 
The alleged offenses grew out of an incident at Eddie Lynch's mobile home as described hereafter.

 The jury found Broughton guilty of "burglary of a habitation as charged in the
indictment." As she did in her motion for new trial, Broughton contends on appeal that the
evidence is legally insufficient to support her conviction for the offense alleged in the indictment.

 In our first judgment on appeal, we reversed Broughton's conviction and ordered
an acquittal on the ground that the evidence would not permit a rational trier of fact to find,
beyond a reasonable doubt, the elements of the offense as stated in the charge given the jury. In
so doing, we assessed the evidence without regard to the law of parties because the charge to the
jury, while stating the law of parties in the abstract, did not apply it to the circumstances of the
case. Consequently, Broughton's conviction could not be sustained on a theory that she was
criminally responsible for the acts of others after she and they entered the habitation. See, e.g.,
Boozer v. State, 717 S.W.2d 608, 610 (Tex. Crim. App. 1984); Benson v. State, 551 S.W.2d 708,
715 (Tex. Crim. App. 1982); see also Tex. Penal Code Ann. §§ 7.01, .02 (West 1994); Jones v.
State, 815 S.W.2d 667, 670 (Tex. Crim. App. 1991); Broughton v. State, No. 03-95-00660-CR
(Tex. App.--Austin May 1, 1997) (not designated for publication).

 Following our previous judgment and opinion, the Court of Criminal Appeals
abolished the measure of sufficiency review upon which we had relied, stating that "[n]o longer
shall sufficiency of the evidence be measured by the jury charge actually given." Malik v. State,
953 S.W.2d. 234, 239 (Tex. Crim. App. 1997). Henceforth, the court wrote,


sufficiency of the evidence should be measured by the elements of the offense as
defined by the hypothetically correct jury charge for the case. Such a charge would
be one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's theory of liability, and adequately describes the
particular offense for which the defendant was tried.


Id. at 240. Because we had assessed the evidence without reference to the law of parties, the
Court of Criminal Appeals vacated our judgment and remanded the cause to us for reconsideration
of Broughton's legal-sufficiency complaint in light of the Malik decision, a matter to which we
now turn. See Broughton v. State, No. 845-97 (Tex. Crim. App. June 17, 1998) (not designated
for publication).

 Evidence was introduced to the following effect: Broughton agreed with Nolan
Reavis and Gary Reavis to take from Eddie Lynch's mobile home his infant son for the purpose
of returning the child to its mother, Lynch's estranged wife. Broughton and the Reavis men
believed Lynch to be unstable and perhaps dangerous to the child's welfare. Through a ruse,
Broughton and Nolan Reavis obtained entry into the mobile home, and an affray began when Gary
Reavis entered. Gary Reavis fought with Eddie Lynch and threatened to kill him. Nolan Reavis
fought with Edith Lynch, Eddie's mother who was in the home at the time. In the course of the
affray, Broughton slipped into a bedroom, took the child, and left the mobile home. The child was
eventually returned to its mother. As a result of the altercations, Eddie Lynch's pre-existing back
injury was seriously aggravated, and Edith Lynch sustained a concussion, a detached retina, a
broken nose, a split lip, and perhaps other less-serious injuries.

 The evidence raised the question whether Broughton was criminally responsible for
the actions of the Reavis brothers, and therefore the district court properly instructed the jury on
the law of parties. A correct charge would have applied the law of parties to the facts of the case
in the application paragraph. See Howard v. State, 966 S.W.2d 821, 825 (Tex. App.--Austin
1998, pet. ref'd). Under Malik, we must measure the sufficiency of the evidence against such a
hypothetically correct charge. See Howard, 966 S.W.2d at 824-25. Viewing the evidence most
favorable to the verdict, and under a hypothetically correct charge that applies the law of parties
to the facts, we hold a rational trier of fact could reason as set forth below and find beyond a
reasonable doubt the elements of the offenses indicated. See Jackson v. Virginia, 443 U.S. 307,
318-19 (1974).

 Burglary. A person commits the offense of burglary if, without the effective
consent of the owner, he enters a habitation and commits a felony. Tex. Penal Code Ann.
§ 30.02(a)(3) (West 1994). Broughton intentionally gained entry into the mobile home through
a ruse practiced upon Edith Lynch and thus without the effective consent of her or the owner,
Eddie Lynch. We assume Edith Lynch was in a position to consent; the ruse prevented her
consent from being effective. The following felonies were committed after the entry:

 Kidnapping. A person commits the offense of kidnapping if he intentionally or
knowingly abducts another person. Id. § 20.03(a). The word "abduct" means to restrain a person
with intent to prevent his liberation by using or threatening to use deadly force. Id. § 20.01(2)(B). 
The word "restrain" means to restrict a person's movements without consent, interfering
substantially with his liberty, by moving him from one place to another. The restraint is "without
consent" if it is accomplished by force, intimidation, or deception; or, in the present case
involving an infant under age fourteen, by any means without the parent's acquiescence in the
movement. Id. § 20.01(1)(A), (B).

 Pursuant to an agreement among themselves, and a resulting plan carried out by
mutual assistance, Broughton and the Reavis men abducted the child from the mobile home. 
Broughton physically seized the child and took it from the home while the Reavis men prevented
the child's liberation by Eddie Lynch, its parent, and its grandmother Edith Lynch. The Reavis
men did so by physical force and Gary Reavis's threat to kill Eddie Lynch.

 Broughton is criminally responsible for the offense of kidnapping because it was
committed by her own conduct and by the conduct of the Reavis men for which she is criminally
responsible. She is criminally responsible for their conduct because she acted and assisted with
intent to accomplish commission of the kidnapping offense after entry into the home. Id.
§ 7.02(a)(2).

 Aggravated Assault. A person commits an aggravated assault if he intentionally,
knowingly, or recklessly causes serious bodily injury to another. Id. §§ 22.01(a)(1), 22.02(a)(1). 
A person acts intentionally when it is his conscious objective to engage in the conduct, knowingly
when he is aware that his conduct is reasonably certain to cause the result, and recklessly when
he consciously disregards a substantial and unjustifiable risk, of which he is aware, that the result
will occur. Id. § 6.03(a)-(c). "Serious bodily injury" means bodily injury that causes serious
permanent disfigurement or the protracted loss or impairment of the function of any bodily
member or organ. Id. § 1.07(a)(46).

 The Reavis men inflicted serious bodily injury upon Edith Lynch and Eddie Lynch. 
We refer to the former's broken nose, detached retina, split lip, and concussion, and to the
aggravation of the latter's pre-existing back injury. While evidence was given that the Reavis men
did not initiate the mutual combat in the mobile home, the jury could reasonably reject that
evidence and conclude from the whole body of evidence that the Reavis men acted intentionally,
knowingly, or recklessly in the circumstances. Broughton is criminally responsible for their
conduct for the reasons given previously. Her responsibility is not diminished even though she
may not have anticipated or intended the aggravated assault of Eddie and Edith Lynch. A person
is criminally responsible for causing a result if the only difference between what actually occurred
(an aggravated assault in this instance) and what he desired, contemplated, or risked (kidnapping
in this instance) is that a different offense was committed or a different person was injured. Id.
§ 6.04(b).

 In a brief filed after the remand to this Court, Broughton contends we may not
apply Malik because to do so deprives her of liberty without due process of law in that the law of
parties was not presented to the jury in the application paragraph. We are bound by the remand,
which instructs us to consider Broughton's legal sufficiency point in light of the hypothetically
correct charge explicitly required by Malik. We therefore reject the argument.

 The judgment of the trial court is affirmed.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed on Remand

Filed: April 8, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 or deception; or, in the present case
involving an infant under age fourteen, by any means without the parent's acquiescence in the
movement. Id. § 20.01(1)(A), (B).

 Pursuant to an agreement among themselves, and a resulting plan carried out by
mutual assistance, Broughton and the Reavis men abducted the child from the mobile home. 
Broughton physically seized the child and took it from the home while the Reavis men prevented
the child's liberation by Eddie Lynch, its parent, and its grandmother Edith Lynch. The Reavis
men did so by physical force and Gary Reavis's threat to kill Eddie Lynch.

 Broughton is criminally responsible for the offense of kidnapping because it was
committed b