

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD–1522–11

---

**JAMES HENRY GELINAS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE EIGHTH COURT OF APPEALS
EL PASO COUNTY**

---

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

I have always loved great theater and this case has all the makings of a Tony

Award winner.  On stage right we have Judge Keasler and the plurality sterilizing Charlie

Baird's plurality opinion in *Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996)**,** and

in the process basically eliminating the possibility of ever getting relief under the

egregious harm standard of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

Entering from stage left, we have Judge Price's impassioned defense of *Almanza*. Lastly, our heroine Judge Cochran saves the day for the plurality by concluding "that the error in this jury charge did not cause appellant egregious harm because the jury instruction was just an indecipherable lump of legal gobbledy-gook that no one (including the lawyers and the judge) either understood or paid attention to." *See* Cochran, J., concurring opinion at *4-5.[1] But this case is a classic example of the *Almanza* tragedy.

Instead of going to impossible lengths to disavow *Hutch*, the plurality should take the time to look at the inequality of *Almanza* and overrule it instead. The conflicting decisions of the court of appeals and the plurality in this case exhibit the conundrum created by *Almanza* in trying to determine harm vs. egregious harm. Analysis under *Almanza* has resulted in uneven rulings because the factors used to distinguish between harm and egregious harm are difficult to decipher. In addition, the rational of *Almanza* having the egregious harm standard in cases where the defendant did not object belies the truth that no attorney would ignore his ethical duty to his client and consciously fail to object to an improper jury charge. I do not know of any lawyer who would risk having an ineffective assistance of counsel ruling against him on the slim possibility that a jury charge error may eventually result in the reversal of a guilty verdict.

Appellate courts have clearly had difficulty judging how to weigh the *Almanza*

---

[1] I kinda thought that this instruction would become the gold standard for egregious harm. It certainly has all the markings: 1. It was an indecipherable lump 2. It was legal gobbledy-gook and 3. It was not understood by (a) anyone (b) the lawyers or (c) the judge.

factors, but the worst feature of the *Almanza* egregious harm standard is that it is so unfair to defendants, especially in light of how we treat the State in similar situations. The State does not have to show egregious harm, or even some harm–the State does not have to show harm at all because in *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997), we bestowed the State with the hypothetically correct jury charge. In *Malik*, we overruled *Benson* and *Boozer* to relieve the State of the burden of objecting to jury charge error in sufficiency cases.[2] *Malik* created the hypothetically correct jury charge so that the State does not suffer when there is an erroneous jury instruction, so why should the defendant be treated differently and be given the almost impossible task of showing egregious harm from the same error?

Instead of going to these lengths to disavow *Hutch*, it would be more equitable to do away with the enigma of *Almanza* and treat all jury charge error under the same "some harm" standard. It seems obvious that the plurality's intent all along was not to reexamine the court of appeals's analysis in this case but to simply eliminate a defendant's ability to ever obtain relief if his attorney failed to object to a defective charge. Therefore, I respectfully dissent.

Filed: May 15, 2013
Publish

---

[2] *See Benson v. State*, 661 S.W.2d 708 (Tex. Crim. App. 1982) and *Boozer v. State*, 717 S.W.2d 608 (Tex. Crim. App. 1984).