IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1522-11






JAMES HENRY GELINAS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY






 Meyers, J., filed a dissenting opinion.



DISSENTING OPINION



 I have always loved great theater and this case has all the makings of a Tony
Award winner. On stage right we have Judge Keasler and the plurality sterilizing Charlie
Baird's plurality opinion in Hutch v. State, 922 S.W.2d 166 (Tex. Crim. App. 1996), and
in the process basically eliminating the possibility of ever getting relief under the
egregious harm standard of Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985). 
Entering from stage left, we have Judge Price's impassioned defense of Almanza. Lastly,
our heroine Judge Cochran saves the day for the plurality by concluding "that the error in
this jury charge did not cause appellant egregious harm because the jury instruction was
just an indecipherable lump of legal gobbledy-gook that no one (including the lawyers
and the judge) either understood or paid attention to." See Cochran, J., concurring
opinion at *4-5. (1) But this case is a classic example of the Almanza tragedy. 

 Instead of going to impossible lengths to disavow Hutch, the plurality should take
the time to look at the inequality of Almanza and overrule it instead. The conflicting
decisions of the court of appeals and the plurality in this case exhibit the conundrum
created by Almanza in trying to determine harm vs. egregious harm. Analysis under
Almanza has resulted in uneven rulings because the factors used to distinguish between
harm and egregious harm are difficult to decipher. In addition, the rational of Almanza
having the egregious harm standard in cases where the defendant did not object belies the
truth that no attorney would ignore his ethical duty to his client and consciously fail to
object to an improper jury charge. I do not know of any lawyer who would risk having an
ineffective assistance of counsel ruling against him on the slim possibility that a jury
charge error may eventually result in the reversal of a guilty verdict. 

 Appellate courts have clearly had difficulty judging how to weigh the Almanza
factors, but the worst feature of the Almanza egregious harm standard is that it is so unfair
to defendants, especially in light of how we treat the State in similar situations. The State
does not have to show egregious harm, or even some harm-the State does not have to
show harm at all because in Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997), we
bestowed the State with the hypothetically correct jury charge. In Malik, we overruled
Benson and Boozer to relieve the State of the burden of objecting to jury charge error in
sufficiency cases. (2) Malik created the hypothetically correct jury charge so that the State
does not suffer when there is an erroneous jury instruction, so why should the defendant
be treated differently and be given the almost impossible task of showing egregious harm
from the same error?

 Instead of going to these lengths to disavow Hutch, it would be more equitable to
do away with the enigma of Almanza and treat all jury charge error under the same "some
harm" standard. It seems obvious that the plurality's intent all along was not to
reexamine the court of appeals's analysis in this case but to simply eliminate a
defendant's ability to ever obtain relief if his attorney failed to object to a defective
charge. Therefore, I respectfully dissent.


Filed: May 15, 2013

Publish
1. I kinda thought that this instruction would become the gold standard for egregious harm. 
It certainly has all the markings: 1. It was an indecipherable lump 2. It was legal gobbledy-gook
and 3. It was not understood by (a) anyone (b) the lawyers or (c) the judge.
2. See Benson v. State, 661 S.W.2d 708 (Tex. Crim. App. 1982) and Boozer v. State, 717
S.W.2d 608 (Tex. Crim. App. 1984).